Jesse **CONLEY**, Appellant,

v.

Otis R. **BOWEN**,* Secretary, Department of Health and Human Services, Appellee.

No. 85–1318.

United States Court of Appeals, Eighth Circuit.

Submitted Oct. 15, 1985.

Decided Jan. 9, 1986.

---

* Secretary Bowen, Margaret M. Heckler's successor, was appointed during the pendency of this

appeal and is substituted as the appellee. *See* Fed.R.App.P. 43(c).

**144**

Alan Nussbaum, Little Rock, Ark., for appellant.

Kathleen C. Buckner, Baltimore, Md., for appellee.

Before LAY, Chief Judge, FLOYD R. GIBSON, Senior Circuit Judge and AR-NOLD, Circuit Judge.

PER CURIAM.

Jesse Conley appeals from an order of the district court[1] affirming the decision of the Secretary of Health and Human Services (Secretary) to deny Conley's application for disability and supplemental security income benefits. For reversal, Conley argues that the district court erred in not reviewing this case as an appeal from the Secretary's termination of benefits. Conley also argues that the Secretary's decision is not supported by substantial evidence on the record because the administrative law judge (ALJ) did not fully and fairly develop the record, did not call a vocational expert to testify, and did not make credibility findings with respect to Conley's testimony. Finally, Conley argues that the district court did not consider recent developments in the law. For the reasons discussed below, we affirm the decision of the district court.

## I. BACKGROUND

Conley was previously granted disability benefits from 1975 to 1977. The benefits

---

1. The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

were terminated, however, and subsequent applications for benefits were denied. Conley did not appeal the termination or the denials. His present application claimed November of 1979 as the onset of disability due to nerves and ulcers. The Secretary denied the application, both initially and on reconsideration. An evidentiary hearing was held before an ALJ on September 10, 1981. Conley, who partially completed the tenth grade, was thirty-seven years old at the time of the hearing. He served as an Army Infantryman in Viet Nam, and has worked as a construction laborer. The record indicates that Conley has a history of drug and alcohol dependency, and that he has sought treatment on several occasions for nervous disorders. Conley testified that he is unable to work and has difficulty concentrating, sitting, and sleeping because of the nervous disorders. Conley also testified, however, that he had done yard work for others and has performed household chores since the onset of his disability.

In January of 1980, Conley was admitted to the Veterans Administration Hospital, where he was diagnosed as having anxiety neurosis, calculus on teeth, and dental caries. He was discharged in March of 1980. In October of 1980, Dr. Weatherly performed a neuropsychiatric examination on Conley, and found no sensory disturbances. In January of 1981, Dr. Levy, a treating physician, reported that Conley's neurological examination was normal.[2] Dr. Levy concluded that Conley exhibited no symptoms of neurosis or psychosis. Conley was again admitted to the hospital, and diagnosed by the treating physician as suffering from gastritis, alcohol abuse, and a personality disorder. In June of 1981, Dr. Hill examined Conley and found no overt psychosis, but recommended that he continue taking his neuroleptic medication. The following month, Conley was readmitted to the hospital, complaining of nervousness and poor appetite. Finally, in August Dr. Levy completed a residual functional capacity evaluation, which indicated only mild

impairments in Conley's ability to relate to others, but no restriction in his ability to perform daily activities. The record reflects statements by treating physicians that Conley only sought treatment in an attempt to increase his pension and to avoid pending legal problems.

The ALJ found that Conley suffered from anxiety neuroses, currently in remission, and drug and alcohol dependency. He found, however, that the medical evidence indicated that Conley had the residual functional capacity to perform his past relevant work as a construction laborer. Moreover, the ALJ noted that Conley chose "not to work because of secondary gain factors * * * and because of a very poor motivational attitude." The ALJ therefore concluded that Conley was not disabled within the meaning of the Social Security Act. The Appeals Council denied review, and the district court affirmed the denial of benefits.

## II. DISCUSSION

■ Conley first argues that this case should be treated as an appeal from the Secretary's termination of benefits because it involves the first application for "reinstatement of benefits" for which he has the assistance of counsel since the termination of his previous period of disability. Section 205(g) of the Social Security Act provides that all final decisions of the Secretary are judicially reviewable by a claimant "within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow." 42 U.S.C. § 405(g) (1982). Conley failed to seek review of his previous termination decision within the sixty-day period. He filed subsequent applications that were denied, however, well after the sixty-day period and without the assistance of counsel. The Act does not provide, and Conley cites no authority for, an exception to the sixty-day requirement for claimants who fail to obtain assistance of counsel as a result of a

---

2. Dr. Levy previously had diagnosed Conley as having schizophrenia. In the January 1981 report, he revised the previous diagnosis because he considered it to be erroneous.

termination of benefits or who subsequently reapply for benefits after the sixty-day period without assistance of counsel. We decline to create such an exception and, consequently, hold that the district court correctly reviewed this case as a denial by the Secretary of an application for benefits.

■ Conley next argues that the decision to deny benefits is not supported by substantial evidence because the ALJ did not fully and fairly develop the record, did not call a vocational expert to testify, and did not make credibility findings with respect to Conley's testimony. Conley argues that to develop the record in this case, the ALJ should have ordered additional examinations to resolve inconsistencies in the medical evidence. An ALJ has a duty to fully develop the record, even when the claimant is represented by counsel. *Warner v. Heckler*, 722 F.2d 428, 431 (8th Cir.1983). When a claimant's medical sources do not give sufficient medical evidence about an impairment to determine whether the claimant is disabled, a consultative examination may be ordered. 20 C.F.R. § 416.-917. We have recognized that it may be reversible error for an ALJ not to order a consultative examination when, without such an examination, he cannot make an informed choice. *Dozier v. Heckler*, 754 F.2d 274, 276 (8th Cir.1985). The record in this case, however, contains sufficient medical evidence for the ALJ to make an informed choice without the aid of additional examinations. The treating physicians concurred in their diagnoses that Conley exhibited no symptoms of psychosis or neurosis. Moreover, the physicians generally concurred that Conley fabricated or exaggerated his condition. Consequently, Conley's argument that the ALJ erred in failing to order additional examinations is without merit.

■ Conley's argument that the ALJ should have called a vocational expert to testify is similarly without merit. It is well established that the initial burden of proof is on the claimant to show that he is unable to perform his past relevant work. *McCoy v. Schweiker*, 683 F.2d 1138, 1146–47 (8th Cir.1982). Once the claimant establishes that he cannot perform his past work, the burden shifts to the Secretary to show other jobs in the economy that the claimant is capable of performing. *Id.* at 1147; *Tucker v. Heckler*, 776 F.2d 793, 795 (8th Cir.1985). The Secretary may sustain this burden by introducing expert vocational testimony when the claimant suffers nonexertional impairments or exertional impairments that do not fit within the guidelines. *Tucker*, at 795; *Parsons v. Heckler*, 739 F.2d 1334, 1339 (8th Cir.1984). The ALJ found that Conley failed to sustain his burden that he could not perform his past relevant work as a construction laborer. Consequently, the burden did not shift to the Secretary and, therefore, expert vocational testimony was unnecessary.

■ Conley also argues that the ALJ failed to properly consider Conley's testimony and make credibility findings. A claimant's subjective complaint, such as a complaint that he experiences nervousness, is the claimant's perception of a physical or mental impairment. An ALJ may not disregard this subjective complaint solely because it is not supported by objective medical evidence. *Polaski v. Heckler*, 751 F.2d 943, 948 (8th Cir.1984) (quoting *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984)). The absence of objective medical evidence supporting the claimant's subjective complaints is only one factor to consider. *Id.* Subjective complaints may be discounted if there are inconsistencies in the record as a whole, but not discounted solely on the basis of an ALJ's personal observation. *Id.; Tucker*, at 796. The ALJ gave full consideration to the record, including Conley's complaints and found that they were not credible. The record contains findings by the ALJ with respect to Conley's daily activities, prior employment, and symptoms, including nervousness and pain. The ALJ also noted that several observations were made by treating physicians that Conley had fabricated his condition. The medical evidence indicated that Conley had no functional impairments and the ALJ

concluded that his "situation is not presently and has never been as serious as he would have people believe." Clearly, inconsistencies existed between Conley's subjective complaints and the objective medical evidence, as well as the opinions of the treating physicians. Because there are inconsistencies in the evidence as a whole, the ALJ is permitted to disbelieve Conley's subjective complaints. *See Tucker*, at 796. In sum, the Secretary's decision denying Conley's claim for benefits is supported by substantial evidence in the record.

█ Finally, Conley argues that this case should be considered under the new revised criteria that the Secretary was instructed to develop and employ in determining mental disability. *See* Social Security Disability Benefits Reform Act of 1984, Pub.L. No. 98–460, § 5(a), 98 Stat. 1794, 1801. The Act applies to, *inter alia*, an initial determination made after the date of its enactment on October 9, 1984 that a claimant is not under a disability by reason of mental impairments. *Id.* at § 5(c)(1), 98 Stat. at 1801. Conley's initial determination and reconsideration were made before October 9, 1984. Consequently, Conley's argument fails.[3]

## III. CONCLUSION

In conclusion, the district court properly treated this case as an appeal from the Secretary's denial of an application for benefits. The Secretary's decision is supported by substantial evidence in the record. Finally, section 5(a) of the Social Security Disability Benefits Reform Act of 1984 is inapplicable here. Accordingly, we affirm the decision of the district court.

---

**3.** Moreover, the ALJ adequately considered Conley's subjective statements as well as the objective medical evidence. *See Polaski*, 751 F.2d at

948; *Smith v. Heckler*, 760 F.2d 184, 187 n. 5 (8th Cir.1985).