**Ervin E. TAYLOR, Appellant,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Appellee.**

No. 86–1618.

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 11, 1986.

Decided Nov. 14, 1986.

---

Timothy C. Harlan, Columbia, Mo., for appellant.

C. Geraldine Umphinour, Dept. of Health and Human Services, Kansas City, Mo., for appellee.

Before FAGG, Circuit Judge, HENLEY, Senior Circuit Judge, and MAGILL, Circuit Judge.

HENLEY, Senior Circuit Judge.

Social Security disability claimant Ervin E. Taylor appeals from the entry of summary judgment in favor of the Secretary of Health and Human Services by the United States District Court for the Eastern District of Missouri.[1] The sole issue on appeal is whether the decision of the Secretary denying Taylor disability benefits is supported by substantial evidence. We affirm.

Taylor applied for benefits on May 2, 1984 alleging disability due to back pain, ulcers and high blood pressure with an onset date of July, 1979. The Secretary denied Taylor's application initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) denied Taylor's claim on April 12, 1985. On May 22, 1985 the Appeals Council denied review and the ALJ's decision became the final decision of the Secretary. Taylor subsequently filed this action in the United States District Court for the Eastern District of Missouri seeking review of the Secretary's decision pursuant to 42 U.S.C. § 405(g). Based on a Review and Recommendation by the United States Magistrate,[2] the court found that substantial evidence supported the Secretary's decision, and summary judgment was entered in favor of the Secretary on April 17, 1986.

At the time of his hearing, Taylor was sixty-two years old. He has a sixth grade education and has worked as a mechanic and timber hauler. Taylor's medical history has been extensively and fairly reviewed both in the decision of the ALJ and in the Review and Recommendation of the magistrate, and we will not repeat it in great detail.

The medical evidence showed that Taylor suffered from mild degenerative changes in his spine which did not limit him in any significant way. The evidence also showed that he had a probable ulcer of the duodenal bulb which had been effectively treated with medication. Finally, the medical evidence showed that Taylor suffered from hypertension. The evidence indicated that this condition had been controlled to some extent and could be effectively treated if Taylor would quit smoking, follow his diet and take his medication as prescribed. Taylor complained of pain which disturbed his sleep and prevented him from sitting or walking for long periods of time. He also complained of dizziness and headaches when his blood pressure was elevated.

---

1. The Honorable Clyde S. Cahill, United States District Judge, Eastern District of Missouri.

2. The Honorable David D. Noce, United States Magistrate, Eastern District of Missouri.

The ALJ found that Taylor did not suffer from a severe impairment on or before December 31, 1984, and that he retained the capacity to return to his past relevant work.[3] He therefore found that Taylor was not disabled. We must affirm this decision if we find that it is supported by substantial evidence on the record as a whole, taking into account evidence which fairly detracts from it. *See Brand v. Secretary of Health, Education and Welfare,* 623 F.2d 523, 527 (8th Cir.1980). Substantial evidence is " 'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' " *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971) (quoting *Consolidated Edison Co. v. NLRB,* 305 U.S. 197, 229, 59 S.Ct. 206, 217, 83 L.Ed. 126 (1938)).

■ Having considered the record in this case, we are convinced that the ALJ's decision is supported by substantial evidence. While the medical evidence does confirm Taylor's claim that he suffered from hypertension, ulcers and a back condition, nothing in the medical reports indicates that these impairments were severe enough separately or in combination to prevent him from returning to his past work. In addition to the above conditions, Taylor also complained of vision and hearing problems. He testified that he had worked with his hearing problem all of his life, and an examining opthalmologist found that he was farsighted and had corrected vision of

20/20 in each eye. . These additional conditions were therefore insignificant.

Taylor's subjective complaints were discredited by the ALJ for several reasons. Taylor had never been hospitalized during the relevant period for any of his impairments. He had been treated conservatively for his conditions and had not undergone any physical therapy for his back ailment. In spite of pain and dizziness, Taylor still drove a car thirteen miles once a week to socialize at an American Legion Club. Moreover, he drove one hundred miles to the hearing, and although he testified that as a result his back hurt and his ankles were swollen he expected to drive home.

■ Subjective complaints may not be discredited solely because they are not supported by objective medical evidence. *Conley v. Brown,* 781 F.2d 143, 146 (8th Cir. 1986). "Subjective complaints may be discounted if there are inconsistencies in the record as a whole, but not discounted solely on the basis of an ALJ's personal observation." *Id.* As noted, the ALJ made specific findings from the record which were inconsistent with and discredited Taylor's subjective complaints. The ALJ was therefore entitled to find, as he did, that Taylor suffered some pain or discomfort, but not to a disabling extent.

Taylor's age in combination with his impairments is somewhat troubling, but even though we might have reached a different conclusion than did the ALJ, his decision is supported by substantial evidence on the record as a whole. We therefore hold that the district court's entry of summary judg-

3. In following the now familiar sequential evaluation set out in 20 C.F.R. § 404.1520, the ALJ found in step 2, § 404.1520(c), that Taylor did not have a severe impairment on or before December 31, 1984. In *Brown v. Heckler,* 786 F.2d 870, 871–73 (8th Cir.1986), we invalidated step 2 because it required a finding of "not disabled" without consideration of the claimant's ability to work in light of his impairments and vocational characteristics if the ALJ determined that a claimant did not have any severe impairments. Taylor contends that *Brown v. Heckler* requires a remand in this case. We have granted rehearing en banc in *Brown v. Heckler,* and rehearing has been stayed pending the decision of the Supreme Court in *Yuckert v.*

*Heckler,* 774 F.2d 1365 (9th Cir.1985), *cert. granted sub nom., Bowen v. Yuckert,* —— U.S. ——, 106 S.Ct. 1967, 90 L.Ed.2d 652 (1986).

No remand is required in this case because the ALJ's finding that Taylor did not have a severe impairment did not preclude the thorough consideration of his claim. The ALJ in fact went on to step 4, § 404.1520(e), and determined that Taylor retained the capacity to return to his past relevant work. He then made a finding of "not disabled." Taylor's ability to work in light of his impairments and vocational characteristics was fully considered by the ALJ in spite of the step 2 finding, and the concerns of *Brown v. Heckler* are therefore not present in this case.

ment in favor of the Secretary should be, and it is, affirmed.