**Rick CONARD, Plaintiff,**

v.

**Otis R. BOWEN, Secretary of Health and Human Services, Defendant.**

**Civ. No. 87–71–W.**

United States District Court, S.D. Iowa, W.D.

Dec. 14, 1988.

---

Dennis P. Marks, Legal Services Corp. of Iowa, Council Bluffs, Iowa, for plaintiff.

Richard L. Richards, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The matters now before the court are plaintiff's motion for summary judgment and defendant's motion to affirm the Secretary's decision. After careful consideration, it is the decision of this court to grant defendant's motion to affirm the Secretary's decision. Accordingly, plaintiff's motion for summary judgment is hereby denied.

### I. *Facts.*

Plaintiff is a 33–year–old male with a high-school education. Plaintiff's past relevant work activity was as a machine operator, truck repairman, x-ray developing machine operator, farm hand, carpenter, and laborer. The plaintiff has not engaged in substantial gainful activity since July 12, 1985, the date the plaintiff filed his application for Supplemental Security Income benefits. Plaintiff does not have any acquired work skills which are transferable to the skilled or semi-skilled work functions of other work (Tr. 10).

An administrative law judge (ALJ) found that the medical evidence established that Mr. Conard is status post-lumbar laminectomy and possible early small artery disease. Mr. Conard also alleges to suffer pain related to his lower back. The ALJ found that Mr. Conard's allegations of pain related to his lower back are consistent with the clinical evidence of record. However, the ALJ found that plaintiff's subjective allegations concerning the intensity and persistence of his low back pain are not supported by the clinical findings contained in the record.

The ALJ found "the claimant has the residual functional capacity to perform the physical exertion and nonexertional requirements of work except for lifting and carrying more than ten pounds routinely, no repetitive bending, stooping and twisting, and that he must alternate sitting and standing" (Tr. 28). The ALJ further found "the claimant's residual functional capacity for the full range of light work was reduced by the need to alternate sitting and standing" (Tr. 28). Accordingly, the ALJ found that "claimant was unable to perform his past relevant work as a machine operator/track repairer, x-ray developing machine operator, farm hand, and fry cook" (Tr. 28).

In response to interrogatories submitted to a vocational expert (VE), the VE testified that although the plaintiff's additional

nonexertional limitations did not allow him to perform the full range of light work, there are a significant number of jobs in the national economy which he could perform. Examples of such jobs are: parking enforcement officer, guard gate, and rental clerk (Tr. 29). The VE further testified that such jobs exist in significant numbers in the national economy, as well as the state of Iowa and the area of the plaintiff's residence (Tr. 29).

## II. *Nature of Action and Prior Proceedings.*

On July 12, 1985, plaintiff filed an application for Supplemental Security Income (SSI) benefits (Tr. 78–87) based on disability under Title XVI of the Social Security Act. *See* 42 U.S.C. §§ 1381, *et seq.* The application was denied initially (Tr. 88–91) and on reconsideration (Tr. 93–98).

On July 31, 1986, following a hearing, an ALJ found that plaintiff was not under a "disability" as defined in the Social Security Act (Tr. 19–29). On January 22, 1987, the Appeals Council of the Social Security Administration denied plaintiff's request for review (Tr. 7–8). Thus, the decision of the ALJ stands as the final decision of the Secretary. On August 21, 1987, plaintiff filed his complaint seeking judicial review of the Secretary's decision.

## III. *Standard of Review.*

The court must affirm the findings of the ALJ if they are supported by substantial evidence on the record as a whole. *Gavin v. Heckler,* 811 F.2d 1195, 1199 (8th Cir. 1987); *see* 42 U.S.C. § 405(g). "Substantial evidence" is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *accord Taylor v. Bowen,* 805 F.2d 329, 331 (8th Cir.1986). In the context of the review of an administrative decision, the court must weigh the substantiality of supportive evidence against "whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. National Labor Relations Bd.,*

340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). Thus, the court must perform a balancing test, evaluating any contradictory evidence. *Gavin v. Heckler,* 811 F.2d at 1199.

## IV. *Discussion.*

■ The ALJ found that plaintiff had the residual functional capacity to perform light and sedentary work in which he could alternate between sitting and standing (Tr. 28). Therefore, the ALJ found that plaintiff could not perform his heavy work (Tr. 28) and specifically recognized that the burden of proof shifted to the Secretary to show other work plaintiff could perform (Tr. 28). In order to satisfy the Secretary's burden in this case, the ALJ submitted interrogatories to a VE. The VE testified that there were a significant number of jobs in the national economy which the plaintiff could perform such as parking enforcement officer, gate guard, and rental clerk (Tr. 29). The VE further testified that such jobs exist in significant numbers in the national economy as well as in the state of Iowa and the area of the plaintiff's residence.

The defendant argues that plaintiff's primary impairment relates to his complaints of severe radiating pain due to a lower back condition. The defendant points out that for plaintiff's pain to be disabling, it must be of such severity and duration that it precludes all substantial gainful activity. *See Andrews v. Schweiker,* 680 F.2d 559, 560 (8th Cir.1982). In the instant case, Dr. Mansour and Dr. Summers reported that the plaintiff had no motor or sensory loss, had normal deep tendon reflexes, could perform straight-leg raising and retained normal strength and coordination in his extremities (Tr. 164–65, 181–84).

Plaintiff argues that in a medical report dated February 5, 1985, Dr. Mansour noted that he had been restricted to only *four pounds lifting,* no prolonged sitting or standing, and no heavy work, particularly anything involving bending, since 1980 (Tr. 164). The defendant argues that Dr. Mansour believed that plaintiff should avoid prolonged bending or standing and limit his lifting to no more than *forty pounds* (Tr.

166). In his report, Dr. Mansour *clearly* states:

> After reviewing the records and examining this patient, I feel that he is indeed disabled for any type of *heavy manual labor. The restrictions of forty pounds lifting,* no prolonged bending or standing seem very appropriate given his physical condition. (Emphasis added.)

Defendant further argues that Dr. Margules, plaintiff's treating physician from 1979–1983, specifically suggested that plaintiff was capable of at least sedentary-type work (Tr. 153). Dr. Margules specifically stated:

> It was felt at this time in view of the normal myelography that the patient did not show any evidence of lumbar disc herniation. *It was recommended that the patient permanently discontinue his present employment and obtain a sedentary type of employment, possibly through the vocational system of the state of Iowa.*

(Tr. 153–54, emphasis added.)

Plaintiff also alleges disability due to his asthma and possible early emphysema. The defendant argues that the mere presence of a respiratory impairment is not, however, disabling per se. *See Reams v. Finch,* 428 F.2d 1225 (8th Cir.1970); *Massey v. Heckler,* 587 F.Supp. 988 (E.D.Mo. 1984). In order for a respiratory impairment to be disabling, it must be so severe that it precludes any and all gainful activity. Defendant argues that in this case, there is no evidence of a severe pulmonary defect or illness. Defendant specifically points out that in February 1985, Dr. Mansour observed a faint wheeze on forced expiration but good excrusion of both diaphragms. Dr. Mansour classified plaintiff's asthma as mild (Tr. 165). In April of 1985, the plaintiff underwent a pulmonary function study. Dr. Hoyt reported that no obstructive lung defect was indicated through the pulmonary function study (Tr. 173).

In considering plaintiff's impairments, the ALJ also found that plaintiff's daily activities did not indicate a significant restriction. Plaintiff testified that his daily activities included waking up between 7:30 and 8:00 a.m., taking care of his personal hygiene, running errands, going to town, and paying bills (Tr. 62–63). In the afternoon, plaintiff said he babysat his three-and-one-half-year-old daughter, vacuumed, fixed dinner, helped his two sons with their homework, watched television, and fed his tropical fish and dogs, and drove approximately one hundred miles a week (Tr. 63–64). The defendant argues that in *Benskin v. Bowen,* 830 F.2d 878–83 (8th Cir.1987), the court considered similar daily activities inconsistent with the claimant's allegations of disabling pain.

Defendant also argues that, based on a hypothetical in which the VE was to consider plaintiff's age, education, and prior work experience, assume that plaintiff could routinely lift ten pounds and occasionally lift twenty pounds, could not do repetitive or prolonged bending, stooping, twisting or sitting, and must be allowed to alternate between sitting and standing, the VE responded that plaintiff could perform *light work* as a parking enforcement officer, gate guard and rental clerk (Tr. 210–11). Accordingly, the ALJ concluded that there were a significant number of these jobs in the national economy, in the state of Iowa, and in the immediate area where plaintiff resides. Therefore, the defendant argues that the VE's response satisfied the Secretary's burden of showing other work plaintiff could perform. *See Roberts v. Heckler,* 783 F.2d 110, 112 (8th Cir.1985).

Having carefully reviewed plaintiff's claims of disability, the reports of the various doctors, the evidence of record which both supports and detracts from the Secretary's decision, the court finds that the Secretary's decision is supported by substantial evidence on the administrative record as a whole.

IT IS THEREFORE ORDERED that defendant's motion to affirm the Secretary's decision is hereby granted.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is hereby denied.