**Lewis E. MATEER, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 87–458–E.**

United States District Court, S.D. Iowa, C.D.

Dec. 23, 1988.

Robert Pratt, Des Moines, Iowa, for plaintiff.

Richard Richards, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The matters before the court are plaintiff's motion for summary judgment and defendant's motion to affirm the Secretary's decision. After careful consideration, it is the decision of this court to grant plaintiff's motion for summary judgment. Accordingly, the Secretary is hereby ordered to award the benefits to the plaintiff to which he is entitled under Title II and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act. Therefore, it is also the decision of this court that defendant's motion for an order affirming the Secretary's decision is hereby denied.

### I. *Facts.*

Plaintiff is a 45–year–old male with a twelfth-grade education. Plaintiff's past relevant work was as a cook and a factory worker. Mr. Mateer has not worked since June 1984 (Tr. 84, 159).

Plaintiff filed for disability and SSI benefits on November 8, 1985. In those applications, plaintiff stated that he became unable to work on December 15, 1984 due to back problems, liver problems, and a heart murmur (Tr. 119–22, 134–43).

An administrative law judge (ALJ) specifically found that the medical evidence establishes that Mr. Mateer has a somatoform personality disorder (Tr. 17).[1]

The ALJ also found that plaintiff was unable to perform his past relevant work as a cook (Tr. 18). Accordingly, the ALJ consulted a vocational expert (VE). Thereafter, the ALJ specifically found that there were a significant number of other jobs in the national economy that plaintiff could perform, such as vehicle escort driver, bench assembler and packager, film process worker and book attendant or ticket taker (Tr. 18).

## II. *Nature of Action and Prior Proceedings.*

Plaintiff filed two applications for social security benefits on November 8, 1985. The first was an application for disability insurance benefits under Title II of the Act (Tr. 119–22).[2] *See* 42 U.S.C. §§ 401, *et seq.* The second was an application for SSI benefits based on disability under Title XVI of the Act (Tr. 134–43). *See* 42 U.S.C. §§ 1381, *et seq.*

Plaintiff's applications were denied initially (Tr. 123–27, 144–46) and on reconsideration (Tr. 129–33, 147–49). On March 31, 1987, following a hearing, an ALJ found that plaintiff was not under a "disability" as defined in the Social Security Act (Tr. 9–18). On June 25, 1987, the Appeals Council of the Social Security Administration denied plaintiff's request for review (Tr. 4–5). Therefore, the decision of the ALJ stands as the final decision of the Secretary. On July 13, 1987, plaintiff filed his complaint seeking judicial review of the Secretary's decision.

## III. *Standard of Review.*

The court must affirm the findings of the ALJ if they are supported by substantial evidence on the record as a whole. *Gavin*

*v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987); *see* 42 U.S.C. § 405(g). "Substantial evidence" is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *accord Taylor v. Bowen*, 805 F.2d 329, 331 (8th Cir.1986). In the context of the review of an administrative decision, the court must weigh the substantiality of supportive evidence against "whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. National Labor Relations Bd.*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). Thus, the court must perform a balancing test, evaluating any contradictory evidence. *Gavin v. Heckler*, 811 F.2d at 1199.

## IV. *Discussion.*

After reviewing all of the evidence, the ALJ determined that the plaintiff was unable to perform his past relevant work, but retained the residual functional capacity to perform a limited range of sedentary work. The ALJ then considered the testimony of a VE and found that plaintiff could perform other jobs which existed in significant numbers in the national economy. Because plaintiff's impairments did not preclude him from performing other work, the ALJ concluded that the plaintiff was "not disabled." Defendant argues that there is substantial evidence which supports the ALJ's decision.

For example, the ALJ found that plaintiff had a somatoform personality disorder and intellectual functioning in the low average range (Tr. 17). The defendant argues that plaintiff did not have a disabling mental impairment. Further, defendant points out that the mere presence of a mental impairment does not necessarily constitute a disability. *See Swanson v. Secretary of HHS*, 763 F.2d 1061 (9th Cir.1985); *Ran-*

---

1. Individuals suffering from somatoform personality disorders may suffer with psychogenic (mentally generated) pain. The plaintiff herein was diagnosed to suffer from a psychogenic pain disorder and dependent personality traits (Tr. 247–55).

2. Plaintiff previously filed two applications under Title II on September 25, 1975 and on October 23, 1978, both of which were denied initially on October 30, 1975 and November 14, 1978, respectively, and not pursued (Tr. 109–12, 117–18).

*som v. Hecker,* 715 F.2d 989 (5th Cir.1983). Defendant contends that, although the evaluations revealed evidence of a somatoform or psychogenic pain disorder, it was not of a disabling severity. Defendant points out that Dr. Taylor specifically found no psychiatric disorder which would limit plaintiff's daily activities or interests or impair his ability to relate to others.

Plaintiff argues that the value of Dr. Taylor's evaluation is seriously eroded by the fact that the only medical history he was provided consisted of a one-page letter, dated April 30, 1986, from Dr. Hermann, plaintiff's treating physician, and Dr. Owens' psychological report (Tr. 387). Plaintiff relies on *Gavin v. Heckler,* 811 F.2d 1195 (8th Cir.1987), wherein the Eighth Circuit Court of Appeals declined to give any weight to a report by a psychiatrist who made a diagnosis without having reviewed the copious medical evidence included in the record. The court agrees with plaintiff and finds that the report submitted by Dr. Taylor herein is of little or no value. Furthermore, the court would indicate to the Secretary that it should always provide all medical records to any physician from whom he solicits an opinion regarding any social security case. There are numerous cases which specifically point out the Secretary's duty to develop the record. Further, a complete record is central to the adjudication of the issues on appeal. Accordingly, the court finds that the ALJ did not fulfill his responsibility in this case. *See Milton v. Schweiker,* 669 F.2d 554, 556 (8th Cir. 1982).

■ There is substantial evidence on the record as a whole which demonstrates that plaintiff suffers from a psychogenic pain disorder. The earliest diagnosis of this impairment was made by Dr. Hoyt on October 21, 1975. Dr. Hoyt found that plaintiff suffered from "probable minimal arthritis or spondylitis with neurosis overlay" (Tr. 214). In 1979, Dr. Silberman, a clinical psychologist, examined plaintiff and opined "somatization in similar individuals often leads to functional pain, fatigue and weakness" (Tr. 268). In 1986, Dr. Owens, a

clinical psychologist, focused on the psychogenic pain disorder which the battery of psychological tests revealed. Dr. Owens stated: "In general though, stress does result in this client [sic] developing psychosomatic illnesses or a conversion disorder. Physical symptoms suggested include back pain, chest pain and complaints of being weak, tired, and fatigued" (Tr. 253). Another psychological evaluation was performed at the request of DDS by Dr. Sample, a clinical psychologist, who also concluded: "He [plaintiff] is rather restless and irritable and tends to deal with stress and responsibility by manifesting physical symptoms" (Tr. 385). Based on the numerous medical opinions above, the court finds that there is substantial evidence on the record as a whole which *clearly* demonstrates that plaintiff suffers from a psychogenic pain disorder. The question then is, is this condition disabling?

■ Plaintiff argues that the Secretary's determination that his psychogenic pain disorder was not completely disabling in terms of his ability to maintain gainful employment in the real world of work is not supported by substantial evidence. In the instant case, the ALJ specifically found:

> The competent evidence in the record as a whole shows that the claimant retains the functional ability to lift and carry 25 pounds frequently and 50 pounds occasionally. He is unable to sustain prolonged standing or walking. He is unable to understand, carry out or remember complex instructions, and he is unable to deal with very stressful situations. This residual functional capacity assessment contemplates a combination of the claimant's impairments including those complaints of pain which may be reasonably associated with the somatoform personality disorder.

(Tr. 16.) In determining this residual functional capacity, the Secretary discounted plaintiff's testimony. Regarding plaintiff's credibility, the Secretary stated:

> The claimant's testimony of pain and functional limitations is credible only in-

sofar as it establishes the existence of a somatoform personality disorder. (Tr. 18.)

Plaintiff contends that the Secretary's depreciation of his credibility was not carried out according to the framework set forth in *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir.1984). *Polaski* allows the Secretary to discount a claimant's subjective complaints of pain, but only "if there are inconsistencies in the record as a whole." *Id.* at 1322. Plaintiff also contends that the Secretary's determination that plaintiff's testimony regarding his symptoms was not fully credible appears to be based on inconsistencies relating to plaintiff's daily activities, medications, and work history (Tr. 16). Plaintiff argues that none of these alleged "inconsistencies" withstand *Polaski* scrutiny.

For example, plaintiff argues that in contrast to the Secretary's findings, the substantial evidence on the record as a whole suggests plaintiff's daily life is sharply curtailed. Plaintiff has had to give up gardening (Tr. 83). He has also had to take medication in order to sleep through the night (Tr. 78). While he can do light housework, he has to have a neighbor or relative come in for any heavier work (Tr. 79). A simple activity such as playing cards is limited to "a couple of hours at a time" because he cannot sit for prolonged periods (Tr. 79). Plaintiff also has to "sleep for a couple hours" each day (Tr. 82).

The Secretary also found that plaintiff's testimony that he does not always take the prescribed pain medication to be a second inconsistency (Tr. 16). Plaintiff argues that, in the first place, the Secretary failed in his duty to develop the record fully and fairly in this regard. Plaintiff points out that nowhere is the plaintiff asked how often he does not take his pain medication on schedule. *See Brock v. Secretary of Health and Human Services,* 791 F.2d 112, 115 (8th Cir.1986). Plaintiff further argues that the Secretary's statement also indicates that the Secretary's propensity for failing to balance "all of the evidence" as he is required to do by *Polaski.* Plaintiff also contends that the Secretary com-

pletely ignores the context in which plaintiff's testimony was given. Plaintiff argues that the reason he sometimes does not take his medications is because he fears becoming addicted to them (Tr. 57). Plaintiff contends that the uncontradicted evidence on the record demonstrates that he takes prescription medication for his pain and has been doing so for at least six years (Tr. 61–62, 64).

Plaintiff further contends that his testimony regarding severity of his physical symptoms emanating from his mental disorder, moreover, is clearly supported by the medical record. Plaintiff argues that of utmost importance in this regard is the severity with which his psychogenic pain disorder is described by *all* of the practitioners who diagnosed it. For example, in 1975, Dr. Hoyt stated that "I do not consider his disease processes total [sic] disabling but the longstanding nature of the neurotic overlay would make it improbable that he will improve." (Tr. 214.) In 1979, Dr. Silberman stated: "This patient is expressing a great number of physical complaints and bodily preoccupation, symptoms are likely fixed organized and chronic." (Tr. 268.) Dr. Owens' evaluation of plaintiff is that he is not only psychosomatic but has a substantial number of unacceptable feelings which he channels into physical symptoms (Tr. 255). Dr. Sampel's psychological evaluation was that plaintiff has "a poor tolerance for stress and pressure." (Tr. 385.) Dr. Sampel also concluded that plaintiff "tends to deal with stress and responsibility by manifesting physical symptoms." (Tr. 385.) Dr. Sampel further concluded that plaintiff's pain disorder was so ingrained that he would not be considered a good risk for traditional psychotherapy (Tr. 385).

Plaintiff argues that the Secretary simply has no medical basis for discounting any of his testimony on the severity of his pain or its effects. Plaintiff contends that, in effect, the Secretary has substituted his own opinion regarding the severity of plaintiff's psychogenic pain disorder for the consensus independently reached by all clinical psychologists of record, several of whom

evaluated plaintiff at the request of DDS. *See Lingo v. Secretary of Health and Human Services,* 658 F.Supp. 345, 351 (N.D. Ohio 1986) ("The Secretary simply cannot be allowed to substitute his own impression of [claimant's] health for uncontradicted medical (psychological) evidence.").

Plaintiff argues that because his complaints of subjective pain are not, therefore, inconsistent with the record as a whole, they must be accepted. *See Douglas v. Bowen,* 836 F.2d 392, 395 (8th Cir. 1987). Plaintiff further contends that if his complaints of subjective pain are accepted, he is disabled. Plaintiff relies on the testimony of the VE who testified at his hearing. The VE stated: "The combination of intermittent pain and the experienced fatigue which the claimant is testifying to this morning, if they are to such a degree as to interrupt his ability to perform even simple routine work * * * * [would] eliminate competitive employment." (Tr. 99–100.)

Plaintiff further argues that he is precluded from becoming employed in the real world of work which must always remain the polestar of the Secretary's burden of demonstrating a claimant is not disabled. *See McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982). Plaintiff points out that he visited Dr. Hermann 41 times in 1985 and 28 more times in the first ten and one-half months of 1986. Plaintiff argues that this evidence is supportive of the severity of the pain he feels, notwithstanding its psychogenic origin (Tr. 301–81). Plaintiff argues that his frequent need for medical treatment, standing alone, makes him unemployable. *See McCoy v. Schweiker,* 683 F.2d at 1147; 20 C.F.R. 404.1545(b) and 416.945(b) (1986) ("regular and continuing basis"); *Parsons v. Heckler,* 739 F.2d 1334, 1340 (8th Cir.1984) ("[e]mployers are concerned with * * * steady attendance). Accordingly, plaintiff argues that realistically speaking, there is no job in the national economy for a person whose history shows that he will need to be away from the work site to seek medical attention with such frequency. *Also see Douglas v. Bowen,* 836 F.2d 392, 396 (8th Cir.1987).

Having carefully reviewed plaintiff's claims of disability, the reports of the various doctors, the evidence of record which both supports and detracts from the Secretary's decision, the court can only conclude that the ALJ's findings of no severe impairment and no disability is without substantial evidence in the record and cannot be upheld.

IT IS THEREFORE ORDERED that the decision of the Secretary is reversed and the Secretary is hereby ordered to award to the plaintiff the benefits to which he is entitled. Accordingly, plaintiff's motion for summary judgment is hereby granted.

IT IS FURTHER ORDERED that defendant's motion to affirm the Secretary's decision is hereby denied.