**Terry R. HENSHAW, Plaintiff,**

v.

**Otis R. BOWEN, M.D., Secretary of Health and Human Services, Defendant.**

**Civ. No. 87–463–E.**

United States District Court, S.D. Iowa, C.D.

March 6, 1989.

**154**

Jon B. Schuster, Des Moines, Iowa, for plaintiff.

Richard Richards, Asst. U.S. Atty., Des Moines, Iowa, for defendant.

## ORDER

DONALD E. O'BRIEN, Chief Judge.

The matters now before the court are plaintiff's motion for summary judgment and defendant's motion to affirm the Secretary's decision. After careful consideration, it is the decision of this court that defendant's motion is hereby granted. Accordingly, plaintiff's motion for summary judgment is hereby denied.

### I. *Facts.*

Plaintiff is a 37–year–old male with a ninth-grade education. Plaintiff's past relevant work was as a dishwasher and day laborer (Tr. 24). An administrative law judge (ALJ) found that plaintiff has not engaged in substantial gainful activity since January of 1982 (Tr. 23). Plaintiff does not have any acquired work skills which are transferable to the skilled or semi-skilled work functions of other jobs (Tr. 24).

The ALJ also found that the medical evidence establishes that the plaintiff has a long history of alcohol abuse, a personality disorder, "holiday heart" syndrome with atrial fibrillation (rapid irregular twitchings of the atrial heart muscular wall) occurring in the setting of alcohol withdrawal, and eccentric right eye due to an old injury, and some degenerative changes of the low back (Tr. 23).

Further, the ALJ found that plaintiff could not return to his past relevant work. However, the ALJ found that the plaintiff could perform a number of unskilled jobs such as unskilled assembler or unskilled production packer (Tr. 23).

### II. *Nature of Action and Prior Proceedings.*

This suit involves two applications made under the Social Security Act. The first is an application for Disability Insurance Benefits under Title II of the Act (Tr. 137–40).[1] *See* 42 U.S.C. §§ 401, *et seq.* The second is an application for Supplemental Security Income (SSI) benefits based on disability under Title XVI of the Act (Tr. 151–60). *See* 42 U.S.C. §§ 1381, *et seq.*

Plaintiff's applications were denied initially (Tr. 141–45) and on reconsideration (Tr. 147–50). On May 29, 1986, following a hearing, an ALJ found that plaintiff was not under a "disability" as defined in the Social Security Act (Tr. 51–60). The Appeals Council of the Social Security Administration remanded the case back to an ALJ on August 26, 1986 for further consideration of plaintiff's mental impairment (Tr. 46–47). On March 12, 1987, following a supplemental hearing, an ALJ rendered a decision again finding that plaintiff was not under a disability (Tr. 12–25). On June 9, 1987, the Appeals Council denied plaintiff's request for review (Tr. 4–5). Therefore, the decision of the second ALJ stands as the final decision of the Secretary. On July 17, 1987, plaintiff filed his complaint

---

1. Plaintiff previously filed an application for disability benefits under Title II on December 17, 1982 (Tr. 129–32). That application was denied initially and not pursued (Tr. 133–36).

seeking judicial review of the Secretary's decision.

### III. Standard of Review.

The court must affirm the findings of the ALJ if they are supported by substantial evidence on the record as a whole. *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987); *see* 42 U.S.C. § 405(g). "Substantial evidence" is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971); *accord Taylor v. Bowen*, 805 F.2d 329, 331 (8th Cir.1986). In the context of the review of an administrative decision, the court must weigh the substantiality of supportive evidence against "whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. National Labor Relations Bd.*, 340 U.S. 474, 488, 71 S.Ct. 456, 464, 95 L.Ed. 456 (1951). Thus, the court must perform a balancing test, evaluating any contradictory evidence. *Gavin v. Heckler*, 811 F.2d at 1199.

### IV. Discussion.

The evidence demonstrates that plaintiff has been suffering from the debilitating consequences of alcohol since the age of sixteen (Tr. 349). Plaintiff contends that his physical afflictions (as set out above in the *Facts* ) coupled with the disease of alcoholism, have made it virtually impossible for him to maintain any type of meaningful or gainful employment. Plaintiff argues that this assessment is not surprising when one considers that during a ten-month period in 1986, he was only able to remain sober for a total of seven days (Tr. 88). The plaintiff testified that his daily addiction to alcohol has become so acute that if a supply of liquor is unobtainable, he will resort to consuming "rubbing alcohol mixed with water" (Tr. 87). However, plaintiff has in the past sought professional aid to curb his dependency on alcohol (Tr. 110). Plaintiff argues that treatment nevertheless has been unsuccessful and his addiction to alcohol has manifested disturbances of mood swings, unsteady interpersonal relationships, and impulsive and damaging behavior (Tr. 94).

A vocational expert (VE) testified that based on the personality disorder as related by Raymond Moore, a clinical psychologist (Tr. 111), and a likelihood of the plaintiff's continued use of alcohol (Tr. 112), it was her opinion that the plaintiff would be unable to obtain any type of job in the employment field. Therefore, plaintiff contends that the ALJ erroneously found him to have the residual capacity to perform some work-related functions (Tr. 24).

Plaintiff points out that alcoholism by itself or in combination with other ailments may constitute such a limitation if it prevents a claimant from engaging in substantial gainful activity. *See Johnson v. Harris*, 625 F.2d 311 (9th Cir.1980); *McShea v. Schweiker*, 700 F.2d 117, 119 (3d Cir.1983). Accordingly, plaintiff argues that his uncontrollable addiction to alcohol either alone or in combination with his various other impairments render him disabled.

Defendant argues that plaintiff has failed to show that he cannot control his drinking. Plaintiff is a transient, going from town to town, and doing odd jobs to meet his needs (Tr. 324–42). A medical adviser testified that plaintiff's activities show that he is able to function independently and without significant limitations (Tr. 113). Dr. Moore also believed that plaintiff had no organic mental impairment, and that he retained the ability to concentrate and maintain social relationships (Tr. 113). Defendant further contends that although plaintiff has enrolled in many alcohol detoxification programs that he has not completed, the evidence indicates that this is due to his own conscious control and not because of an inability to control his drinking. The record also indicates that at the time of plaintiff's most recent examination in December 1986, he was working, attending AA meetings, and receiving counseling (Tr. 350). Dr. Luoto believed that plaintiff's alcohol abuse was in remission (Tr. 352).

Defendant contends that the evidence also shows that plaintiff is not disabled

because of back pain or his heart condition. During a physical examination in December 1982, plaintiff's heart rate and rhythm were regular, and he exhibited a good range of motion in his back and extremities. Chest and cervical spine x-rays revealed no significant abnormalities, and a treadmill study was negative (Tr. 201–02). Thereafter, another treadmill test in January 1985 was also negative. The record also indicates that when plaintiff complained of back pain in October 1985, Dr. Murty recommended physical therapy, which afforded quick relief (Tr. 302, 306). Furthermore, defendant points out that a questionnaire completed at the VA Hospital in December 1985 indicates that plaintiff's back condition precluded him from performing only heavy work (Tr. 290).

Defendant argues that no doctor has stated that plaintiff cannot work. Defendant further contends that this assessment is supported by the testimony from the VE that plaintiff could perform unskilled work as an assembler or production packager (Tr. 122–24).

Plaintiff points out that there is a dispute as to his credibility. The ALJ found plaintiff's testimony to be exaggerated and inconsistent with that of the record. In *Tome v. Schweiker*, 724 F.2d 711, 713 (8th Cir.1984), the court held "that the administrative law judge was correct in looking at the totality of the circumstance before making his findings." In the instant case, plaintiff contends that the ALJ failed to do this. Plaintiff argues that if the ALJ had considered the totality of the circumstances, a different interpretation of the plaintiff's credibility would be established. Plaintiff also argues that the VE corroborated plaintiff's subjective complaints with her opinion based on her review of the record, hypothetical questions and claimant's testimony that plaintiff could not work due to his alcohol intake. Accordingly, plaintiff argues that in the unlikely event that there is a job suitable for him, his inability to report for work due to his physical dependency, alcoholism and alcohol-related mental disorders, would make it a certainty that he would be terminated abruptly by an employer.

The law in the Eighth Circuit provides that, in order to establish a disability predicated upon alcoholism, a claimant must show that he has lost self control to the point of being "impotent to seek and use means of rehabilitation" and that his disability is encompassed by the Act. *See Metcalf v. Heckler*, 800 F.2d 793, 796 (8th Cir.1986), *citing Adams v. Weinberger*, 548 F.2d 239, 245 (8th Cir.1977). "[A] finding of an ability to control alcoholism cannot rest on claimant's testimony alone." *See Metcalf*, 800 F.2d at 796; *Adams*, 548 F.2d at 245; *Lewis v. Califano*, 574 F.2d 452, 456 (8th Cir.1978).

In the present case, the ALJ specifically stated:

Although the medical evidence alone is only one factor to be considered in evaluating the credibility of the claimant, the clinical findings to not support the allegations of the claimant. There is no evidence of a heart impairment other than atrial fibrillation occurring in the setting of alcohol withdrawal. There is nothing to suggest a visual impairment other than eccentric pupil of the right eye. Back pathology is minimal at best.... As Dr. Moore stated that the claimant had the mental resources to submit himself to treatment if he so desired. It was simply a matter of whether he wished to make that conscious choice and then exercise his volition to do so.

In this case, there is no evidence that the claimant cannot control his drinking. On the contrary, the medical adviser testified that the claimant has the mental resources to do so. There are indications in the record that the claimant has worked in excess of the amounts testified to. At any rate, he long ago made the conscious choice to follow this lifestyle. When other resources were not available to support his drinking or when others were not around to offer him food and shelter, he obtained a job and worked.... The undersigned had a medical adviser at the hearing to give a medical opinion as to the prognosis and functional limitations which can be con-

sidered reasonable in light of the claimant's history of alcohol abuse. These limitations have been incorporated into the hypothetical question posed to the vocational expert.

(Tr. 21, 22, 23).

The court is persuaded that the Secretary's decision has merit. The ALJ found that there was no evidence that plaintiff could not control his drinking. In fact, Dr. Moore opined that plaintiff could control his drinking (Tr. 113). Further, Dr. Luoto reported that plaintiff's alcohol dependence was in remission (Tr. 352). Based on the medical opinions set forth above, the court finds that the substantial evidence on the record as a whole supports the ALJ's conclusion that plaintiff's alcoholism was either controlled or controllable. *See Metcalf*, 800 F.2d at 796. Accordingly, the law is clear that when there is substantial evidence on the record as a whole which supports the ALJ's conclusion, this court is bound by the decision reached below.

IT IS THEREFORE ORDERED that the defendant's motion to affirm the Secretary's decision is hereby sustained.

IT IS FURTHER ORDERED that plaintiff's motion for summary judgment is hereby denied.