7 F.3d 1042
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Marilyn L. CARTER, Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Appellee.
 No. 93-1066.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: September 14, 1993.
Filed: October 14, 1993.
 
 Before MAGILL, Circuit Judge, LAY and BRIGHT, Senior Circuit Judges.
 PER CURIAM.
 
 
 1
 Marilyn L. Carter appeals the district court's[1] decision affirming the Secretary of Health and Human Services' (Secretary) denial of her claim for disability insurance benefits under Title II of the Social Security Act. 42 U.S.C. §§ 401-433 (1991). On appeal Carter claims that the administrative law judge (1) improperly concluded that she could have returned to her past relevant work, (2) improperly disregarded relevant testimony by Carter and her husband, and (3) failed to properly develop the record by not obtaining evidence that supported her case. We affirm.
 
 I. BACKGROUND
 
 2
 Carter claims that she first became disabled in June 1982 as a result of recurring back problems. In February 1990, Carter filed an application for disability benefits under Title II. The Social Security Administration denied Carter's application both initially and on reconsideration. Carter next requested a hearing before an administrative law judge (ALJ).
 
 
 3
 At the ALJ hearing, Carter testified that up until June 1982 she worked as an account checker for the National Enquirer. Her duties included driving to stores and confirming that the stores properly displayed the magazine. Carter's job required little lifting and not much sitting or standing, but some walking and bending were required. Carter testified that she quit her job in 1982 over a wage dispute and that after she quit that she had been a housewife and had taken care of her husband during his bout with cancer. She also testified that her back problems "were pretty much the same" from 1974 through 1988. Carter claimed that she was unable to get a job because of her back pain. Carter testified that in 1988 she aggravated her back problems doing "some cement work." Carter's husband testified that she suffered from extreme back pain and this pain precluded her from working as an account checker prior to December 1987. The ALJ concluded, however, that Carter was not eligible for disability insurance benefits because she did not have an impairment that prevented her from returning to her past relevant work during the time for which she was insured.
 
 
 4
 The Appeals Council of the Social Security Administration denied Carter's request for a review of the ALJ's decision. The decision of the ALJ, therefore, became the decision of the Secretary. Carter then filed a complaint in the United States District Court for the Southern District of Iowa, requesting review of the denial of disability insurance benefits. The district court affirmed the decision of the Secretary.
 
 II. DISCUSSION
 
 5
 Carter first argues that the ALJ improperly concluded that she could return to her past work as an account checker. Carter claims that the hypotheticals that the ALJ gave to the vocational expert did not accurately describe her physical and mental limitations and that the vocational expert identified her past relevant work as a "route driver" instead of an "account checker." Carter argues, therefore, that the vocational expert's responses do not constitute substantial evidence to support the ALJ's determination that she was not entitled to disability insurance benefits. See Wagoner v. Bowen, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986).
 
 
 6
 This court reviews the Secretary's decision to ensure that it is supported by "substantial evidence on the record viewed as a whole." Williams v. Bowen, 790 F.2d 713, 715 (8th Cir. 1986). In order to receive disability insurance payments, an applicant must establish that she was disabled prior to the expiration of her insured status. 42 U.S.C. §§ 416(i), 423(c) (1991); see Pryor v. Heckler, 737 F.2d 1488, 1488 (8th Cir. 1984).[2] If the applicant could have performed her past relevant work during the time of her insured status, she is not disabled and therefore is ineligible for disability insurance benefits. Martin v. Sullivan, 901 F.2d 650, 653 (8th Cir. 1990); see 20 C.F.R. §§ 404.1520(e), 404.1560(b) (1991). The initial burden of proof is on the applicant to demonstrate that she is unable to perform her past relevant work. Conley v. Bowen, 781 F.2d 143, 146 (8th Cir. 1986). Testimony by a vocational expert is unnecessary if the ALJ determines that the applicant can return to her former work. Id. at 146; see also Groeper v. Sullivan, 932 F.2d 1234, 1235 n.1 (8th Cir. 1991).
 
 
 7
 Although a vocational expert testified at Carter's hearing, his testimony was not necessary to establish substantial evidence to support the ALJ's finding. See Conley, 781 F.2d at 146. The record indicates that Carter quit her job as an account checker[3] in 1982 not because of physical disabilities but solely because she was unhappy with her wages. Tr. at 57, 67. Carter also testified that her condition was "pretty much the same" from 1974 through 1988, Tr. at 66, and that she aggravated her back injury helping her husband do "some cement work" after she was no longer eligible for insurance benefits, Tr. at 64. We find that the record includes substantial evidence apart from the vocational expert's testimony to support the ALJ's finding that Carter could have returned to her past relevant work and therefore was not disabled as of December 31, 1987.
 
 
 8
 Carter next argues that the ALJ improperly rejected her testimony and disregarded the testimony of her husband in determining that she could return to her past relevant work. An ALJ is prohibited from disregarding a claimant's subjective testimony of pain solely because it is contradicted by objective medical evidence. Bealer v. Brown, 833 F.2d 124, 127 (8th Cir. 1987). The ALJ, however, may discredit testimony if there are inconsistencies in the evidence as a whole. Herbert v. Heckler, 783 F.2d 128, 131 (8th Cir. 1986). In this case, the ALJ credited much of Carter's testimony. Much of the testimony, however, supported the conclusion that Carter could have returned to her former work. See Tr. at 38. When the ALJ discredited Carter's testimony, his action was not improper because he found that some of Carter's testimony was inconsistent with both her own testimony and with the record when viewed as a whole. See Herbert, 783 F.2d at 131. The ALJ also could properly discredit testimony of Carter's husband because the ALJ made a specific finding that his testimony was exaggerated when compared to Carter's own testimony. See Ricketts v. Secretary of Health & Human Servs., 902 F.2d 661, 664 (8th Cir. 1990).
 
 
 9
 Finally, Carter argues that the ALJ failed to fully and fairly develop the record as to evidence that supported her claim. Carter bore the burden of demonstrating that she was disabled as defined in 42 U.S.C. § 423(d)(1)(A). See Conley, 781 F.2d at 146. The ALJ asked questions about Carter's ability to walk, sit, stand, lift, reach, and bend. Further, the ALJ probed into her daily activities, the extent of her pain, the physical requirements of her past relevant work, and all of the medical evidence presented. We cannot say from the record before us that the ALJ breached his duty to develop Carter's record.
 
 III. CONCLUSION
 
 10
 Accordingly, we affirm the decision of the district court.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D., in this action pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Charles R. Wolle, Chief Judge, United States District Court for the Southern District of Iowa
 
 
 [2]
 It is undisputed that Carter's insured status expired on December 31, 1987. Appellant's Br. at 8
 
 
 [3]
 The record indicates that the terms "account checker" and "route driver" both describe the same occupation. Carter's claim regarding this discrepancy in the record is without merit