# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 04-2002

_____

Renea McCann,                                  *
                                               *
            Appellant,                         *
                                               *   Appeal from the United States
      v.                                       *   District Court for the Western
                                               *   District of Missouri.
Jo Anne B. Barnhart, Commissioner              *
of Social Security Administration,             *        [UNPUBLISHED]
                                               *
            Appellee.                          *

_____

Submitted: January 13, 2005
Filed:  March 28, 2005

_____

Before LOKEN, Chief Judge, and MORRIS SHEPPARD ARNOLD and HANSEN,
      Circuit Judges.

_____

PER CURIAM.

      Renea McCann appeals from the affirmance by the district court[1] of a final
administrative decision denying Ms. McCann disability insurance benefits under
Title II of the Social Security Act, *see* 42 U.S.C. §§ 401-434, and supplemental
security income benefits under Title XVI of the Social Security Act, *see* 42 U.S.C.

_____

[1]The Honorable William A. Knox, United States Magistrate Judge for the
Western District of Missouri, sitting by consent of the parties.  *See* 28 U.S.C.
§ 636(c)(1); *see also* Fed. R. Civ. P. 73(a).

§§ 1381-1383f. Ms. McCann claims that various conditions that cause her pain amount to a disability within the meaning of the Social Security Act. We affirm.

Ms. McCann maintains that the ALJ erred by not properly evaluating her credibility. We conclude, however, that the ALJ considered the record as a whole in deciding that Ms. McCann lacked credibility, and we hold that substantial evidence supports this determination, *cf. Garrett ex rel. Moore v. Barnhart*, 366 F.3d 643, 646 (8th Cir. 2004). The ALJ discussed the considerations set out in *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), which an ALJ must take into account when evaluating a claimant's subjective complaints. In doing so, the ALJ considered the lack of medical opinion evidence supporting Ms. McCann's contention that she is unable to work, *see Young v. Apfel*, 221 F.3d 1065, 1069 (8th Cir. 2000); the medical evidence showing that Ms. McCann possesses a normal range of motion and flexibility and controls her pain with medication; Ms. McCann's testimony about her household activities, which include cooking, cleaning, and laundering; and Ms. McCann's unwillingness to undergo behavioral pain management. The ALJ thus did not discount Ms. McCann's subjective complaints solely because they were not supported by objective medical evidence; it properly relied instead upon inconsistencies in the record as a whole. *See Lowe v. Apfel*, 226 F.3d 969, 972 (8th Cir. 2000).

Ms. McCann also contends that the ALJ erred by not seeking testimony from a vocational expert regarding the range of work that Ms. McCann was capable of performing in light of her non-exertional impairments. We disagree. The same evidence that supports the ALJ's discounting of Ms. McCann's credibility also supports the ALJ's finding that Ms. McCann could perform her past relevant work. Further, the ALJ discussed and compared Ms. McCann's functional limitations and the tasks that her past relevant work requires. Therefore the ALJ did not err in finding Ms. McCann capable of performing her past relevant work. As a result, the Commissioner did not have to show that Ms. McCann could perform other types of

jobs and thus was not required to introduce expert vocational testimony in order to prevail. *See Lewis v. Barnhart*, 353 F.3d 642, 648 (8th Cir. 2003); *Conley v. Bowen*, 781 F.2d 143, 146 (8th Cir. 1986) (per curiam).

Affirmed.

_____