Andrew BASINGER, Plaintiff,

v.

Richard S. SCHWEIKER, Secretary of Health and Human Services, Defendant.

No. 82–0406C (5).

United States District Court, E.D. Missouri, E.D.

Sept. 14, 1982.

M. Kathleen O'Blennis, Clayton, Mo., for plaintiff.

Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for defendant.

## MEMORANDUM

CAHILL, District Judge.

This matter is before the Court on cross motions for summary judgment.

Andrew Basinger commenced this action under 42 U.S.C. § 405(g), requesting the Court to review a final decision of the Department of Health and Human Services (HHS) denying his application for a period of disability, as provided in Section 216(i) of the Social Security Act, and for disability insurance benefits, as provided in Section 223.

■ It is settled law that the burden of proof rests upon the claimant to establish his entitlement to disability insurance benefits under the Social Security Act. 42 U.S.C. § 423(d)(5); *Davis v. Califano,* 605 F.2d 1067, 1071 (8th Cir.1979). Claimant must establish that he became disabled prior to the expiration of his insured status. *Timmerman v. Weinberger,* 510 F.2d 439, 443 (8th Cir.1975). In the present case claimant's insured status terminated on March 31, 1978.

Basinger was diagnosed as suffering from diabetes in 1968. He was placed on a medication regimen of Diabenese and advised to watch his diet. The record indicates that after September 1973 Basinger next saw a physician in February 1979, whereupon an eye examination showed his eyegrounds to be normal. In August 1980 Basinger was treated for pneumonia. An eye examination in September 1980 revealed visual changes related to diabetes. From October 19, through October 26, 1980, Basinger was hospitalized for treatment of severely uncontrolled diabetes under the care of Dieter Wurr, M.D. Dr. Wurr referred Basinger to endocrinologist Norman Fishman, M.D. Dr. Fishman first saw Basinger on September 4, 1981.

■ Basinger has clearly shown the existence of diabetes as early as 1968. Since his current disabling condition is a result of this diabetes it is evident that this problem began while he was covered by disability insurance. The mere presence of a disease, however, does not automatically establish a disability as defined in the Act. 42 U.S.C. § 405(g); *Davis v. Califano,* 439 F.Supp. 94, 97 (E.D.Penn.1977). Furthermore, diabetes being a remedial condition, is not necessarily disabling within the meaning of the Social Security Act. *Ransey v. Califano,* 474 F.Supp. 282, 285 (D.Neb.1979). If a disease which is medically demonstrative during the eligibility period did not then disable the claimant from substantial gainful employment, no benefits can be awarded. *Paris v. Schweiker,* 674 F.2d 707, 708–09 (8th Cir.1982). The objective medical evidence does not show that Basinger's diabetic condition took on severe disabling proportions prior to March 31, 1978.

■ The diagnosis of Dr. Wurr is that Basinger is currently totally and permanently disabled. Dr. Fishman concurs, and further states that in his opinion Basinger's problems clearly began before 1978. The crucial issue, however, is not when Basinger's problems began, but rather when they became severe enough to disable him from engaging in substantial gainful employment. *Paris,* 674 F.2d at 708. Dr. Fishman's assessment does not indicate when Basinger's problems became severe enough to disable him.

In determining when problems of disabling severity arose, the administrative law judge (ALJ) had to rely on the testimony of Basinger and his wife. It is the function of the Secretary, acting through the ALJ, and

not this Court, to pass on the credibility of witnesses. *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971); *Miller v. Finch,* 430 F.2d 321, 324 (8th Cir. 1970). In judging the credibility of Basinger and his wife the ALJ found it significant that Basinger did not seek any medical assistance between September 1973 and August 1980, despite allegations that his symptoms became of disabling severity in 1977.

Basinger's work history lends no support to his claim of disability. Basinger contends he became disabled in 1977, yet he quit work in 1973. Although he contends his worsening health was the reason for his quitting, he did not then change his medical regimen, nor was he found to be disabled by his treating physician, Dr. Joslyn. He was unemployed in 1977 at the time he claims to have become disabled.

Whether Basinger's medical problems disabled him prior to March 31, 1978, this Court cannot discern. In review of the record as a whole this Court finds that substantial evidence does exist in support of the Secretary's decision, and his motion for summary judgment is therefore granted. Plaintiff's motion for summary judgment is denied.