Andrew BASINGER, Appellant,

v.

Margaret M. HECKLER, Secretary, Department of Health and Human Services, Appellee.

No. 82–2374.

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 16, 1983.

Decided Jan. 30, 1984.

---

Selner, Glaser & Komen, P.C., St. Louis, Mo., M. Kathleen O'Blennis, Clayton, Mo., for appellant.

Thomas E. Dittmeier, U.S. Atty., Bruce D. White, Asst. U.S. Atty., St. Louis, Mo., for appellee; Paul P. Cacioppo, Regional Atty., Region VII, Robert VanNorman, Asst. Regional Atty., on brief, Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before BRIGHT, ARNOLD and FAGG, Circuit Judges.

FAGG, Circuit Judge.

Andrew Basinger appeals from an order of the district court, 550 F.Supp. 295, affirming the decision of the Secretary of Health and Human Services to deny his application for Social Security disability benefits.

Basinger last met his insured status under the Social Security Act on March 31, 1978. Basinger applied for disability benefits on December 30, 1980, alleging he had been disabled since 1977 by multiple impairments stemming from his diabetes. Basinger is a 59-year-old male with a tenth grade education. He quit work in 1973 because his poor health and general weakness was interfering with his ability to perform his duties.

Basinger was first diagnosed as a diabetic in 1968. A physician prescribed oral medication for his diabetes, which Basinger continued to take until 1980. Basinger saw his physician intermittently for five years, but then Basinger did not see a physician between 1973 and 1980. In September 1980 Basinger was hospitalized for his diabetes, a slowly degenerative condition which, according to his physician, had become "completely out of control." In 1981, two physicians stated that as a result of his diabetes, Basinger was permanently and totally disabled.

It is evident that Basinger's ultimately disabling problems began prior to the expiration of his insured status in 1978.

We recognize that at least one court has taken the view that in cases involving a latent and degenerative condition, the claimant is entitled to disability benefits if he or she has a present disability that is directly traceable to a condition having its inception before the expiration of disability insurance coverage. *See Cassel v. Harris,* 493 F.Supp. 1055, 1058 (D.Colo.1980). In this circuit, however, the burden is on the claimant to show the existence of a disability on or before the date that the insurance coverage expires. *Bastian v. Schweiker,* 712 F.2d 1278, 1279–80 (8th Cir.1983); *Milton v. Schweiker,* 669 F.2d 554, 555 (8th Cir.1982). Because of Basinger's failure to see a physician during the relevant time frame, there is little medical evidence in the record on the issue of when Basinger's condition became disabling.

The administrative law judge held that Basinger did not meet his burden of providing medical evidence that he was disabled on or before the expiration of his insured status. The Secretary affirmed the administrative law judge's decision. The district court noted the absence of evidence concerning the severity of Basinger's diabetes during the relevant time frame, and conceded that "[w]hether Basinger's medical problems disabled him prior to March 31, 1978, this Court cannot discern." In view of the lack of objective medical evidence presented by the claimant, however, the district court affirmed the Secretary's decision. Because we believe that the administrative law judge failed to give adequate consideration to all of Basinger's evidence, we reverse the Secretary's decision and remand for another hearing.

■ Our function on review is to determine whether the Secretary's decision is supported by substantial evidence on the record as a whole. 42 U.S.C. § 405(g). *See also Baugus v. Secretary of Health and Human Services,* 717 F.2d 443, 445 (8th Cir.1983); *McMillian v. Schweiker,* 697 F.2d 215, 220 (8th Cir.1983). In order to qualify for disability benefits, a claimant bears the burden of proving that he is unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which is expected to last for at least twelve months or result in death. 42 U.S.C. § 423(d)(1)(A). *See also Nettles v. Schweiker,* 714 F.2d 833, 836 (8th Cir.1983); *McMillian v. Schweiker, supra,* 697 F.2d at 220. However, once the claimant proves that he is unable to perform his prior work, the burden shifts to the Secretary to establish that he can perform some other kind of substantial gainful activity. *Van Horn v. Heckler,* 717 F.2d 1196, 1198 (8th Cir.1983); *Tucker v. Schweiker,* 689 F.2d 777, 779 (8th Cir.1982).

Basinger was last employed in 1973 when he was spray-painting stone tops for lavatories. Basinger was required to lift and carry the tops, which generally weighed between 50 and 200 pounds. Also, Basinger made wooden crates for the tops, requiring him to bend, measure, and hammer.

In this case, there was objective medical evidence indicating that in 1980, Basinger suffered from severe insulin dependent diabetes mellitus, diabetic neuropathy, essential hypertension, and chronic obstructive pulmonary disease. Also, two physicians gave their opinions that in 1980 Basinger was permanently and totally disabled as a result of his diabetes. One of the physicians noted that Basinger's problems, including diabetic neuritis, diabetic eye changes, and arteriosclerosis take at least five years and in most cases ten years to develop, and he concluded that Basinger's problems clearly began before 1978.

At the administrative hearing, Basinger testified that he had lost his strength in his legs and hands, that he had lost his sense of feeling in his hands and feet, that he suffered pain in his legs, that he had problems with his feet swelling, that he experienced trouble walking any distance, that he could not sit for very long at a time, that he was not able to sleep for any long period of time, and that he had breathing difficulties. He also testified that he had experienced all these problems for at least five years and that they had become progressively more serious. Basinger provided specific examples of how his problems had affected him

during the period of his insured status. In October 1977 a friend replaced the water hoses and sparkplugs on Basinger's car, a task which Basinger had performed in the past, but which he was then unable to do because he could not grip a screwdriver or pliers. In January 1978 a friend installed a vanity in Basinger's home because Basinger knew that it would be useless to try. Basinger also stated that in 1978 or before he was not able to do the grocery shopping and that it bothered him to walk around in the store.

Basinger's wife testified at the hearing that in 1978 or earlier, Basinger had trouble walking, climbing or descending stairs, and gripping things with his hands, and she stated that he had generally become weak. Specifically, she stated that by 1978 he was no longer able to wash windows, hang curtains, carry groceries, pick up things around the yard, get up on a ladder, or hold a hammer or nail. Mrs. Basinger's sister stated in an affidavit that she had helped her sister wash windows, perform housework, and move furniture at various times since 1975 because Basinger was physically unable to do these things. Additionally, Basinger's son attested that in the summer of 1975 he painted his parents' house because his father was unable to climb a ladder, and in 1978 he did yardwork for his father because his father was unable to use his hands for any length of time.

Although the medical evidence in this case is admittedly scant, we believe that considering all of the objective and subjective evidence presented, Basinger's evidence, if believed, satisfied his initial burden of showing that as of the time he last met his insured status, he was unable to perform his prior work as a result of his diabetic condition. Basinger's objective evidence consisted of the two physicians' reports in 1980, clearly connecting Basinger's disabling problems to his severe diabetic condition. Neither physician had examined Basinger before the expiration of his insured status. Nevertheless, medical evidence of a claimant's condition subsequent to the expiration of the claimant's insured

status is relevant evidence because it may bear upon the severity of the claimant's condition before the expiration of his or her insured status. *See Bastian v. Schweiker, supra,* 712 F.2d at 1282 n. 4 (8th Cir.1983); *Boyd v. Heckler,* 704 F.2d 1207, 1211 (11th Cir.1983); *Dousewicz v. Harris,* 646 F.2d 771, 774 (2d Cir.1981); *Poe v. Harris,* 644 F.2d 721, 723 n. 2 (8th Cir.1981); *Gold v. Secretary of H.E.W.,* 463 F.2d 38, 41–42 (2d Cir.1972); *Berven v. Gardner,* 414 F.2d 857, 861 (8th Cir.1969). The physicians placed Basinger's disabling problems within the insured period. If the diagnosis is based upon a "medically accepted clinical diagnostic technique," then it must be considered in light of the entire record to determine whether "it establishes the existence of a 'physical impairment' prior to" the expiration of the claimant's insured status. *Dousewicz v. Harris, supra,* 646 F.2d at 774 *quoting Stark v. Weinberger,* 497 F.2d 1092, 1097 (7th Cir.1974). *See also Murphy v. Gardner,* 379 F.2d 1, 7 (8th Cir.1967) (medical opinion supplemented by testimony of claimant and claimant's husband, friends and work supervisor). Only the severity of Basinger's degenerative condition during the period of his insured status was left unanswered by the medical evidence. Basinger sought to fill this evidentiary gap through subjective evidence: the testimony of himself, his wife, and the affidavits of relatives and friends. The subjective testimony of the claimant, his family, and others must be considered by the administrative law judge, even if it is uncorroborated by objective medical evidence. *See Boyd v. Heckler, supra,* 704 F.2d at 1211. *Cf. Nettles v. Schweiker, supra,* 714 F.2d at 837 (subjective testimony of pain); *Simonson v. Schweiker,* 699 F.2d 426, 429 (8th Cir.1983) (subjective testimony of pain). Basinger's subjective evidence, which was uncontradicted, showed that he was unable to perform many of the basic functions of his prior job, including lifting and carrying heavy objects, walking, and handling small tools such as a hammer and nails. If his testimony could be believed, it is difficult to imagine how a person in his condition realistically could have returned to his prior employment, which involved heavy labor.

Where proof of a disability depends substantially upon subjective evidence, as in this case, a credibility determination is a critical factor in the Secretary's decision. Thus, "the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding." *Tieniber v. Heckler,* 720 F.2d 1251, 1255 (11th Cir.1983). *See also Andrews v. Schweiker,* 680 F.2d 559, 561 (8th Cir.1982). In this case, the administrative law judge was, of course, free to disbelieve the testimony of Basinger, his wife, and the affidavits of others. *Isom v. Schweiker,* 711 F.2d 88, 89–90 (8th Cir.1983); *Simonson v. Schweiker, supra,* 699 F.2d at 429. This, however, the administrative law judge did not do. Rather, the administrative law judge denied disability benefits based on the lack of objective medical evidence.

Basinger should not have his claim denied simply because he failed to see a physician near the time that his insured status expired. The testimony indicated that Basinger had rarely sought medical attention throughout his lifetime. Indeed, his wife stated that she did not believe that Basinger had ever been to a doctor until 1968. She explained Basinger's failure to see a doctor between 1973 and 1980 as owing partly to stubbornness, and partly to finances. A Social Security claimant should not be disfavored because he cannot afford or is not accustomed to seeking medical care on a regular basis. The failure to seek medical attention may, however, be considered by the administrative law judge in determining the claimant's credibility.

The error in this case was the failure of the administrative law judge to give adequate consideration to the objective testimony presented by the two physicians and the subjective testimony and affidavits of Basinger, his wife, and others. We do not decide the question of whether this evidence was sufficient to prove that Basinger was disabled within the insured period. Before that determination is made, the administrative law judge must judge the credibility of the witnesses. If all of Basinger's evidence is to be given credence, we believe that Basinger has at least met his initial burden of showing that he could not return to his former employment. We reverse the decision of the district court and remand this case to the Secretary for further consideration of Basinger's claim. On remand, the administrative law judge should consider all of the relevant objective and subjective evidence presented by the claimant, and if any of the evidence is to be discredited, a specific finding to that effect should be made.

Additionally, we remind the administrative law judge of his affirmative duty fairly and fully to develop the record. *See Lewis v. Schweiker,* 720 F.2d 487, 489 (8th Cir.1983). In particular, the administrative law judge may want to develop more fully the objective medical evidence concerning the degree of Basinger's condition during the period of his insured status.

Reversed and remanded.