**Kenneth PRYOR, Appellant,**

**v.**

**Margaret HECKLER, Secretary of Health and Human Services, Appellee.**

**No. 83–2103.**

United States Court of Appeals, Eighth Circuit.

Submitted May 14, 1984.

Decided June 28, 1984.

Larry O. Denny, Kansas City, Mo., for appellant.

Robert G. Ulrich, U.S. Atty., Judith M. Strong, Asst. U.S. Atty., Kansas City, Mo., for appellee; Paul P. Cacioppo, Regional Attorney, Region VII, Frances Reddis, Asst. Regional Atty., Dept. of Health and Human Services, Kansas City, Mo., of counsel.

Before BRIGHT, JOHN R. GIBSON and BOWMAN, Circuit Judges.

PER CURIAM.

Kenneth Pryor appeals from a decision of the district court, 568 F.Supp. 65, affirming a decision of the Secretary of health and Human Services (the Secretary). The Secretary found that appellant was disabled as of October 31, 1978 and awarded him supplemental security income benefits. The Secretary, however, found that appellant was not disabled prior to September 30, 1976, the date he last met his insured status for disability insurance benefits. Appellant must prove the existence of a disability on or before September 30, 1976 in order to be entitled to disability insurance benefits. *See Milton v. Schweiker*, 669 F.2d 554, 555 (8th Cir.1982) (per cu-

riam). For the reasons discussed below, we affirm.

Appellant was born on April 25, 1932, has an eighth grade "GED" degree, and has worked as an owner-operator of a tractor-trailer, a truck driver, automotive mechanic, carpenter, maintenance man, machinist, and general repairman. At a May, 1978 hearing before an administrative law judge (ALJ), appellant testified that he became unable to work in 1975 as a result of emphysema and arthritis. Appellant testified to disabling pain and fatigue. In addition, he stated he was unable to bend, lacked grip strength, had occasional headaches, blackouts, canker sores, vision problems, and was nervous. He stated, however, that he was able to perform housework, drive his wife to work (twenty-four miles a day), care for his two children, and that in 1977 was able to maintain a garden.

Medical evidence from 1975 and 1976 reveals that appellant complained of back pain and shortness of breath and was diagnosed as having chronic pulmonary obstructive disease, bullous emphysema, chronic rhinitis, and arthritis of the back, spine, and ankles.

By decision dated July 31, 1978, the ALJ denied benefits. However, the district court remanded the case for a further administrative hearing because appellant had submitted new medical evidence. In November 1979 appellant had been diagnosed as having moderate obstructive lung disease, moderately severe carpal tunnel syndrome of the right hand, and migraine headaches.

On November 14, 1980 appellant again testified before an ALJ. In response to questioning by the ALJ, appellant stated that he was unable to work in September 1976 because of pain, fatigue, shortness of breath, headaches, mental confusion and loss of grip strength. Appellant's wife corroborated the testimony.

By decision dated January 22, 1981, the ALJ found that appellant's allegations of disabling impairments were credible as of October 3, 1978, basing his findings on his observation of appellant's appearance at the hearing, assessment of appellant's

credibility, consideration of appellant's medical treatment, description of appellant's daily activities and the medical evidence. The ALJ further found that appellant was not disabled on or before September 30, 1976.

On appeal appellant contends that the ALJ erred by failing to make an express credibility finding concerning his allegations of disabling impairments during the time he met his insured status. "Where proof of a disability depends substantially upon subjective evidence, ... a credibility determination is a critical factor in the Secretary's decision. Thus, 'the ALJ must either explicitly discredit such testimony or the implication must be so clear as to amount to a specific credibility finding.'" *Basinger v. Heckler*, 725 F.2d 1166, 1170 (8th Cir.1984) (citation omitted). It is well established in this circuit that an ALJ may not reject subjective testimony solely because the medical evidence does not fully support the subjective allegations. *E.g.*, *O'Leary v. Schweiker*, 710 F.2d 1334, 1342 (8th Cir.1983).

In this case, the Secretary concedes that the ALJ failed to make an express credibility finding but argues that the necessary implication of the ALJ's finding of disabling impairments on October 31, 1978 amounts to a specific rejection of appellant's allegations before that date.

The district court in its Opinion and Order recognized the rule that the ALJ cannot disregard a claimant's subjective claim of pain just because it is not supported by objective medical evidence. It went on to conclude that while the ALJ had not specifically stated that the claims of disability were not credible on or before September 30, 1976, "that finding can certainly be implied from the finding that after October 31, 1978 the claims were credible." It then analyzed the record and determined that the ALJ had a reasonable basis for discounting the credibility of plaintiff's complaint. It did not look to the medical evidence in this respect but, rather, looked to the evidence of claimant's activities. It noted that claimant continued to do many things evidencing a capacity to re-

turn to gainful activity. While he could no longer work as a truck driver, as late as 1978, he still drove twenty-four miles a day to take his wife to and from work and in 1977 he had a garden and cared for his children. It noted that claimant's condition was worsened and that the fact that he was disabled in 1978 did not necessarily establish that it was disabling in 1976. In *Brand v. Secretary of HEW*, 623 F.2d 523, 526 n. 3 (8th Cir.1980), this court stated that a "claimant's subjective complaints may be shown to be exaggerated by any inconsistency in claimant's testimony and all other circumstances of the case."

We do not have a case such as *Tome v. Schweiker*, 724 F.2d 711 (8th Cir.1984), or *Basinger v. Heckler*, 725 F.2d 1166 (8th Cir.1984), where the testimony of claimant's pain was rejected because it was not supported by medical evidence. Rather, we have a case where the district court found that there was sufficient evidence of claimant's activities to justify an implied finding of lack of credibility of the claims of pain and disability. We affirm the judgment of the district court.