Donald McCLAIN, Appellant,

v.

Otis R. BOWEN, Secretary of Health and Human Services, Appellee.

No. 87–1724.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1988.

Decided June 6, 1988.

Mark J. Cardosi, St. Louis, Mo., for appellant.

Henry J. Fredericks, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before JOHN R. GIBSON and MAGILL, Circuit Judges, and BRIGHT, Senior Circuit Judge.

MAGILL, Circuit Judge.

# I. BACKGROUND.

Undeterred by three previous denials, Donald McClain (McClain) filed a fourth application for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and for supplemental security income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. § 1381 *et seq.*, alleging disability commencing on January 7, 1976. McClain's fourth application was also denied. He appealed to the district court,[1] arguing that results from medical tests administered after this fourth denial supported his claim for benefits. The district court remanded the case to the Secretary of the Department of Health and Human Services (Secretary) for further consideration. On September 25, 1985, an Administrative Law Judge (ALJ) found that (1) McClain was disabled as of January 1, 1984; (2) that he was not entitled to disability benefits under Title II of the Social Security Act as of January 1, 1984, because his insured status under that title expired on June 30, 1981; (3) but that McClain met the requirements for SSI benefits from January 1, 1984 onward because he had an application pending as of that date. McClain was thus awarded SSI benefits from January 1, 1984 onward, but was denied disability and SSI benefits prior to that date. On January 21, 1986, the Appeals Council of the Social Security Administration, Department of Health and Hu-

man Services, adopted the ALJ's recommended decision. This recommended decision stands as a final decision of the Secretary. On August 8, 1986, McClain requested review of the Secretary's final decision denying all benefits prior to January 1, 1984. In an order of April 10, 1987, the district court concluded that substantial evidence supported the ALJ's determination that McClain was disabled as of January 1, 1984, but not before, and affirmed the Secretary's denial of benefits prior to January 1, 1984. *McClain v. Bowen*, No. 84–0983–C–(C) (E.D.Mo. April 10, 1987) [available on WESTLAW, 1987 WL 11770]. This appeal followed.

# II. DISCUSSION.

■ McClain claims that the Secretary's decision that he was not disabled prior to January 1, 1984, is not supported by substantial evidence. He argues that the evidence shows he was disabled back in 1976. Before we discuss the merits of this argument, we note that the doctrine of res judicata precludes a finding of disability prior to March 23, 1981, the denial date of McClain's third application, because McClain did not seek judicial review of the denial of any of his first three applications. *Califano v. Sanders*, 430 U.S. 99, 107–09, 97 S.Ct. 980, 985–86, 51 L.Ed.2d 192 (1977). Accordingly, the issue in this case is narrowed to whether McClain was disabled at any time after March 23, 1981, but prior to January 1, 1984, the date the Secretary determined McClain was disabled.

■ McClain argues that our decision in *Basinger v. Heckler*, 725 F.2d 1166 (8th Cir.1984), lays bare the error committed by the Secretary in finding that McClain was not disabled prior to January 1, 1984. In *Basinger*, we remanded a disability claim with instructions to consider whether Basinger's subjective evidence established the existence of a physical impairment prior to the date of the Secretary's determination of disability. We did so because the objec-

1. The Honorable James H. Meredith, United States Senior District Judge for the Eastern District of Missouri.

tive medical evidence conclusively showed that Basinger's illness was a degenerative one that began long before the date of the Secretary's determination of disability. Although Basinger had not seen a doctor during the earlier degenerative period, we allowed him to attempt to prove that he was disabled during that period through use of subjective evidence, because "[a claimant] should not have his claim denied simply because he failed to see a physician." *Basinger*, 725 F.2d at 1170.

McClain argues that he is in the same situation. He contends that the Secretary's determination that he was disabled as of January 1, 1984, entitles him to prove that his disability had a much earlier onset. Two distinctions militate against the application of the *Basinger* rule in this case, however.

First, unlike Basinger, McClain presented no medical evidence that showed that his disability was a degenerative one that necessarily had its onset prior to the Secretary's January 1, 1984 determination of disability. Instead, the medical evidence was to the opposite—that McClain's disability could not be proved prior to January 1984. The second, and ultimately fatal, distinction is that McClain had seen a physician prior to 1984, had filed disability claims prior to 1984, and had those claims rejected by the Secretary on no less than three occasions. Our review of the three prior decisions denying benefits, and the fourth decision denying benefits prior to January 1, 1984, convinces us that the Secretary thoroughly reviewed both the medical testimony and McClain's subjective complaints of pain in each of those proceedings. Thus, this is not a case like *Basinger*, where the claimant received no review of his subjective complaints of pain during the period prior to an ALJ's finding of disability. *Basinger*, 725 F.2d at 1170. Although the ALJ's decision to award benefits from January 1, 1984 onward may have been based, in part, on new medical evidence, that award of benefits cannot support McClain's inference that the earlier three denials were not supported by substantial evidence, because the medical evidence does not show that McClain's condi-

tion was a degenerative one that must have had an earlier onset. Accordingly, the decision of the district court affirming the denial of benefits prior to January 1, 1984, is in all respects affirmed.