**Manuel R. GRACE, Appellant,**

v.

**Louis SULLIVAN, Secretary of Health and Human Services, Appellee.**

**No. 89–2589.**

United States Court of Appeals, Eighth Circuit.

Submitted Feb. 27, 1990.

Decided April 11, 1990.

James W. Stanley, Jr., North Little Rock, Ark., for appellant.

Joseph B. Liken, Dallas, Tex., for appellee.

Before MAGILL and BEAM, Circuit Judges, and HEANEY, Senior Circuit Judge.

PER CURIAM.

Manuel R. Grace appeals from the order of the district court affirming the final decision of the Secretary of Health and Human Services denying Grace's application for Social Security disability insurance benefits. We affirm.

Grace, 64, has a master's degree in agriculture. His past relevant work includes importing, carnival superintendence, building maintenance, and advertising sales. He alleges disability commencing January 4, 1977 due to the after-effects of a stroke, heart trouble, and back pain. His applications for disability insurance benefits and Supplemental Security Income (SSI) were denied initially and on reconsideration. Grace received a hearing before an administrative law judge (ALJ), who determined that Grace was under a disability beginning March 15, 1984, but was not disabled before that time. Grace's insured status for Social Security disability insurance benefits expired June 30, 1981.

Grace filed an action for judicial review of the Secretary's decision. The district court remanded the case for re-evaluation of an alleged mental impairment pursuant to section 5 of the Social Security Disability Reform Act of 1984, Pub.L. No. 98–460, 98 Stat. 1794. On remand, a second ALJ determined that Grace did not suffer from a mental impairment that compromised his ability to work prior to March 15, 1984, but that he became disabled as of that date. Accordingly, the ALJ recommended that Grace be awarded SSI benefits as of May 17, 1984, the date on which Grace applied for SSI.

The Appeals Council modified the ALJ's decision, noting that Grace was ineligible for SSI benefits because his Veterans Administration pension exceeded the allowable income limits. The Appeals Council found that Grace had retained the residual functional capacity through June 30, 1981 to perform his past work as an advertising salesman. The Appeals Council therefore concluded that Grace was not under a disability at any time before the expiration of his eligibility for Social Security disability insurance benefits. The district court affirmed the Appeals Council's decision.

■ The sole issue on appeal is whether substantial evidence in the record supports the Secretary's finding that Grace was not disabled prior to June 30, 1981, the date on which his insured status for Title II eligibility purposes expired. *See Pryor v. Heckler*, 737 F.2d 1488, 1488 (8th Cir.1984).

After a careful review of the record, we affirm largely for the reasons set forth in

the decision of the Appeals Council. The Council stated in part:

> [O]n June 30, 1981, ... the claimant's impairments were degenerative joint disease of the lumbosacral spine, possible first degree spondylolisthesis at L5–S1, status post repair of transected aorta without significant residuals, and flare-ups of dermatitis. The record indicates possible depression in December 1976 and drinking in February 1977, but the claimant has not alleged either as impairments and was not treated by any medical source for such. In March 1984, the claimant admitted to heavy drinking for the prior 1½ years. The record also shows that the claimant was a full-time student from January 1977—August 1978 and from August 1979—May 1981. He obtained bachelor's and master's degrees in Agriculture (Plant Science) during these periods. Based upon these facts, the Appeals Council is of the opinion that the claimant had the residual functional capacity for at least the full range of light work, which involves occasional lifting of up to 20 pounds or frequent lifting of 10 pounds, a good deal of walking or standing, or sitting most of the time with some pushing/pulling of arm or leg controls.

Decision of Appeals Council at 2.

Grace argues that he suffered from several impairments prior to the cut-off date. The Appeals Council observed, however, that Grace obtained two college degrees in the period 1977 through 1981, that Grace did not seek medical treatment for any impairments during this period other than for dermatitis, and that Grace was not prescribed any pain medication during the pre–1981 period. Substantial evidence supports these findings.

Grace also claims that the ALJ failed to consider the combined effect of all his impairments as required by 42 U.S.C. § 423(d)(2)(C), and that the ALJ failed to shift the burden of proof to the Secretary to show that jobs which Grace could perform exist in substantial numbers in the national economy. The Appeals Council's decision, rather than the ALJ's decision, constitutes the final decision of the Secretary and is the only decision subject to review by this court. Our review of the record indicates that the Appeals Council considered the combined effects of all Grace's credible complaints existing at the time his insured status expired. Substantial evidence supports the Appeals Council's conclusion that Grace could return to his past work as an advertising salesman. This conclusion made it unnecessary to shift the burden to the Secretary to show the existence of other jobs that Grace could perform.

Accordingly, we affirm the order of the district court.