994 F.2d 842
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Ellen E. HENRY, Appellant,
v.
Donna E. SHALALA,* Secretary of Health and
Human Services, Appellee.
 No. 92-3204.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: April 30, 1993.
Filed: May 6, 1993.
 
 Before McMILLIAN, WOLLMAN, and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Ellen E. Henry appeals from the judgment of the district court[1] affirming the Secretary's denial of social security disability benefits. Upon careful review of the record, we affirm.
 
 
 2
 The decision of the Secretary must be upheld if substantial evidence in the record as a whole supports the Secretary's conclusion that Henry was not disabled from June 16, 1968, through June 30, 1972, after her alleged onset date and before her insured status expired. See Baker v. Secretary of Health & Human Servs., 955 F.2d 552, 555 (8th Cir. 1992). To qualify for disability benefits, Henry had to prove that, on or before the expiration of her insured status, she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which was expected to last for at least twelve months or result in death. See Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Henry had to establish a physical or mental impairment by medical evidence consisting of signs, symptoms, and laboratory findings, rather than by only her statement of her symptoms. See 20 C.F.R. § 404.1508 (1992).
 
 
 3
 The medical evidence prior to the expiration of Henry's insured status is scant. In 1963, she had minimal rhinoplasty, and a 1973 medical report indicated that she had had a thyroidectomy in 1970. While medical reports from 1990 reflect Henry's surgery and treatment for colon cancer, we conclude that the subsequent reports are not relevant to Henry's condition before the expiration of her insured status. None of the medical reports prior to June 30, 1972, indicated that Henry ever mentioned or exhibited symptoms of colon cancer, and the subsequent reports do not place her colon cancer within the insured period or link any condition from that time to her colon cancer. Cf. Basinger, 725 F.2d at 1169 (medical evidence of claimant's degenerative condition subsequent to expiration of claimant's insured status may establish existence of physical impairment prior to expiration of insured status).
 
 
 4
 The judgment is affirmed.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D., as an appellee in this action pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable Ronald E. Longstaff, United States District Judge for the Southern District of Iowa