5 F.3d 532
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Roe Ann KOZMA, Appellant,
v.
Donna E. SHALALA,* Secretary of Health and Human
Services, Appellee.
 No. 92-3828.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: August 17, 1993.
Filed: September 8, 1993.
 
 Before JOHN R. GIBSON, MAGILL, and BEAM, Circuit Judges.
 
 PER CURIAM
 
 1
 Roe Ann Kozma appeals from the judgment of the district court[1] affirming the Secretary's denial of social security disability benefits. Upon careful review of the record, we affirm.
 
 
 2
 We must affirm if substantial evidence on the record as a whole supports the Secretary's decision. Russell v. Sullivan, 950 F.2d 542, 544 (8th Cir. 1991). To qualify for disability benefits, Kozma had to prove that, on or before the expiration of her insured status on December 31, 1987, she was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which was expected to last for at least twelve months or result in death. See Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). Kozma had to establish a physical or mental impairment by medical evidence consisting of signs, symptoms, and laboratory findings, rather than by only her statement of her symptoms. See 20 C.F.R. Sec. 404.1508 (1992).
 
 
 3
 Kozma argues that her mental impairments met the listing for affective disorder and that the Administrative Law Judge (ALJ) and Appeals Council failed to evaluate her mental impairments pursuant to the regulations. We conclude that substantial evidence supports the ALJ's decision that Kozma's depression did not reach the required level of listing severity before Kozma's insured status expired. See 20 C.F.R. Pt. 404, Subpt. P, App. 1, Sec. 12.04 (1992). Dr. Kitchin did not diagnose major depression until August 1988 and he did not indicate that it originated on or before the expiration of Kozma's insured status. Kozma's argument that the Appeals Council did not evaluate her mental condition or complete a Psychiatric Review Technique form lacks merit because the Appeals Council declined review. See 20 C.F.R. Sec. 404.1520a(d) (1992) (preparation of document necessary when Appeals Council issues a decision). The ALJ completed a Psychiatric Review Technique form, and we find no reversible error in his evaluation of Kozma's mental condition.
 
 
 4
 Kozma also argues that the ALJ failed to give proper weight to her testimony that she suffers from disabling pain. In order to determine whether Kozma's pain was disabling, the ALJ was required, among other things, to give full consideration to all relevant evidence "including the claimant's prior work record, and observations by third parties and treating and examining physicians...." Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted). "[I]t is the statutory duty of the ALJ, in the first instance, to assess the credibility of the claimant and other witnesses." Nelson v. Sullivan, 966 F.2d 363, 366 (8th Cir. 1992). We conclude that there is substantial evidence in the record to support the ALJ's determination that Kozma's subjective complaints of pain were not credible to the extent alleged, including Kozma's poor work record, the lack of objective medical findings, and her daily activities. Finally, we conclude that the ALJ did not err in discounting the evidence of disability given by Kozma's treating physician because Dr. Hanaway's letter did not specifically address the issue of whether Kozma was disabled prior to December 31, 1987.
 
 
 5
 Accordingly, we affirm.
 
 
 
 *
 Donna E. Shalala is substituted for former Secretary of Health and Human Services Louis W. Sullivan, M.D., as an appellee in this action pursuant to Fed. R. App. P. 43(c)
 
 
 [1]
 The Honorable George F. Gunn, Jr., United States District Judge for the Eastern District of Missouri, adopting the report and recommendations of the Honorable Carol E. Jackson, then United States Magistrate Judge for the Eastern District of Missouri, now United States District Judge