16 F.3d 1228
NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
 Gerald D. RASMUSSEN, Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services, Appellee.
 No. 93-2085.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: October 25, 1993.
Filed: February 4, 1994.
 
 Before McMILLIAN, HANSEN and MORRIS SHEPPARD ARNOLD, Circuit Judges.
 PER CURIAM.
 
 
 1
 Gerald D. Rasmussen appeals from the final order entered in the District Court[1] for the Northern District of Iowa, affirming the order of the Secretary of Health and Human Services to deny Rasmussen's application for social security disability insurance and Supplemental Security Income (SSI) benefits because he is not disabled within the meaning of the Social Security Act, 42 U.S.C. Secs. 416(i), 1381a, respectively. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 Rasmussen was born February 7, 1947; completed the ninth grade; weighs in excess of 300 pounds; and worked as a light production worker, a bus driver, and a janitor. He has not engaged in substantial gainful activity since 1980; his insured status expired in June 1985. On January 19, 1990, Rasmussen filed his application for disability and SSI benefits, claiming he was disabled because of hip, back, and leg problems from June 26, 1980. His application was denied initially and upon reconsideration. Rasmussen requested a hearing before an Administrative Law Judge (ALJ), but chose not to appear at the hearing.
 
 
 3
 Noting the evidence in the record, the ALJ concluded that the medical evidence did not support a finding of total disability before Rasmussen's insured status expired in 1985, because there was no medical evidence before 1990 indicating any kind of disability. With respect to SSI benefits, predicated on a disability as of the date of application, the ALJ concluded Rasmussen's impairments were severe, but the medical evidence did not show the existence of an impairment or combination of impair-ments which met any of the listed impairments for obesity or for musculoskeletal or mental impairments. In considering the mental impairment, the ALJ found that Rasmussen's borderline intellectual functioning did not meet the listing at Sec. 12.05C (IQ must be below 69), and his behavioral manifestations showed only a slight restriction of activities of daily living.
 
 
 4
 The ALJ found that Rasmussen met the weight and height requirements in the obesity listing, but he did not meet the second part of the requirement-x-ray evidence of arthritis in a weight-bearing joint or spine. Thus, Rasmussen did not establish disability by the medical evidence alone.
 
 
 5
 The ALJ then considered the subjective complaints of pain under the standard set forth in Polaski v. Heckler, 751 F.2d 943, 948 (8th Cir. 1984) (subsequent history omitted). The ALJ found that Rasmussen's treating physician indicated Rasmussen could sit through an eight-hour day and lift and carry up to thirty pounds; that he was not taking prescription medication and did not indicate he suffered side effects from over-the-counter medication; and that his daily schedule, including driving his mother to appointments, helping with cooking, occasionally helping his brother with paper-work, and engaging in yard work, did not indicate Rasmussen was totally disabled. The ALJ concluded Rasmussen was precluded from lifting more than twenty-five pounds occasionally; from any stooping, climbing, kneeling, or crawling; and from standing for long periods of time (although he could alternate between standing, sitting, and moving about). The ALJ nevertheless concluded that Rasmussen could perform his past relevant work as a school bus driver and that, even if he were incapable of performing his past relevant work, Rasmussen retained the residual functional capacity to perform the wide range of light work.
 
 
 6
 The Appeals Council denied further review and Rasmussen sought judicial review. Rasmussen moved to submit new evidence or to remand the case to the Secretary for reconsideration, attaching a note from his family physician stating that Rasmussen "is currently on Anti-Hypertensive medication." Rasmussen argued hypertension was a factor to be considered in conjunction with obesity under the listings. See 20 C.F.R. Part 404, Subpt. 1, App. 1, Sec. 10.10B.
 
 
 7
 The district court discounted the doctor's note, concluding it did not indicate when Rasmussen began taking anti-hypertensive medication or whether his diastolic blood pressure exceeded 100 mm, as required by the regulations. The district court also noted that every doctor who examined Rasmussen found him capable of performing at least sedentary work. In addition, the psychological medical evidence did not establish that Rasmussen suffered from a disabling mental impairment.
 
 
 8
 The district court also concluded that, based on substantial evidence in the record, the combined effects of Rasmussen's impairments did not meet the listed impairments, and that the Secretary properly considered the factors listed in Polaski v. Heckler in evaluating and discounting the severity of Rasmussen's subjective complaints of pain. Accordingly, the district court dismissed the action and denied Rasmussen's motion to remand.
 
 
 9
 On appeal, Rasmussen argues that he substantially met the severity requirements for an impairment in the regulations, either alone or in combination. Rasmussen also argues that, viewing the evidence as a whole, the Secretary's decision is not supported by substantial evidence.
 
 
 10
 This court must affirm if substantial evidence on the record as a whole supports the Secretary's decision. Russell v. Sullivan, 950 F.2d 542, 544 (8th Cir. 1991). To qualify for disability benefits, Rasmussen had to prove that, on or before the expiration of his insured status, he was unable to engage in substantial gainful activity due to a medically determinable physical or mental impairment which was expected to last for at least twelve months or result in death. See Basinger v. Heckler, 725 F.2d 1166, 1168 (8th Cir. 1984). The record contains no medical evidence prior to the expiration of Rasmussen's insured status. Thus, the Secretary's decision denying disability benefits is supported by substantial evidence.
 
 
 11
 As for SSI benefits, we agree with the district court that there is substantial evidence to support the Secretary's decision. Rasmussen did not provide evidence showing that he met any of the listings for disorders of the spine, obesity, or mental retardation. 20 C.F.R. Part 404, Subpt. P, App. 1, Secs. 1.05, 10.10, 12.05. Rasmussen's own statements regarding his abilities and limitations are not consistent with total disability. He admitted he was able to lift up to twenty-five pounds, drive, do some yard work and housework (involving pushing and pulling), sit for periods, and walk. This is not inconsistent with the demands of sedentary or light work. See 20 C.F.R. Sec. 416.967(a), (b).
 
 
 12
 In addition, we conclude the Secretary properly discounted Rasmussen's subjective complaints of pain under Polaski v. Heckler. Given his daily activities, frequency and duration of pain, precipitating and aggravating factors, lack of prescription pain medication, and general functional restrictions, there is substantial evidence to support the Secretary's decision that Rasmussen is not disabled.
 
 
 13
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Michael J. Melloy, Chief Judge, United States District Judge for the Northern District of Iowa