_____

No. 95-2507
_____

Laura Anderson,                     *
                                    *
          Appellant,                *
                                    *
     v.                             *    Appeal from the United States
                                    *    District Court for the
Shirley S. Chater, Commissioner     *    Northern District of Iowa.
of the Social Security              *         [UNPUBLISHED]
Administration,                     *
                                    *
          Appellee.                 *
                           _____

               Submitted:  December 19, 1995

                   Filed:  December 28, 1995
                           _____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
                           _____


PER CURIAM.

     Laura Anderson appeals the district court's[1] decision affirming the
Commissioner's decision denying her application for child's disability
benefits (42 U.S.C. § 402(d)).  We affirm.


     We review to determine if the Commissioner's decision is supported
by substantial evidence.  See Bates v. Chater, 54 F.3d 529, 531-32 (8th
Cir. 1995) (substantial evidence is that which reasonable mind would accept
as adequate to support Commissioner's conclusion).  Evidence that detracts
from the Commissioner's decision is considered, but even if inconsistent
conclusions may be drawn from the evidence, the decision will be affirmed
where the evidence as a whole supports either outcome.  Chamberlain v.
Shalala, 47 F.3d 1489, 1493 (8th Cir. 1995).

_____

     [1]The Honorable Edward J. McManus, United States District Judge
for the Northern District of Iowa.

Having carefully examined the lengthy administrative transcript, we conclude that substantial evidence supports the Administrative Law Judge's (ALJ) decision. While the record demonstrates that Anderson had mental and physical problems during the relevant time period, the record supports the ALJ's conclusion that the Commissioner proved jobs existed that Anderson could have performed. See Frankl v. Shalala, 47 F.3d 935, 937 (8th Cir. 1995) (once burden shifts, Commissioner must demonstrate claimant retains residual functional capacity to perform significant number of other jobs in national economy). Specifically, the record supports the ALJ's conclusion that Anderson retained the residual functional capacity to do unskilled work that involved little or no contact with the public. Despite Anderson's mental problems, her moderate physical limitations, and the combined effect of her mental and physical problems, she demonstrated the ability to successfully complete her undergraduate studies with a high grade point average, work as a teaching assistant, and be accepted into graduate school. Cf. House v. Shalala, 34 F.3d 691, 693-94 (8th Cir. 1994) (one of daily activities inconsistent with disabling pain was that claimant had successfully completed 200 hours of college classes during relevant time period); Grace v. Sullivan, 901 F.2d 660, 661-62 (8th Cir. 1990) (per curiam) (one factor in deciding that claimant retained residual functional capacity to work was that claimant was full-time student who obtained bachelor and masters degree during relevant time period).

To determine whether the ALJ properly applied the factors from Polaski v. Heckler, 739 F.2d 1320, 1322 (8th Cir. 1984) (subsequent history omitted), we must consider whether the ALJ took into account all the relevant evidence, and whether that evidence contradicted the claimant's own testimony so that the ALJ could discount the testimony for lack of credibility. Benskin v. Bowen, 830 F.2d 878, 882 (8th Cir. 1987). The ALJ properly discounted Anderson's complaints of severe headaches in 1981 and 1982 because she did not report these headaches or seek treatment for them until

1990.  See Barrett v. Shalala, 38 F.3d 1019, 1022 (8th Cir. 1994) (absence of objective medical evidence supporting degree of pain complained of is factor ALJ should consider); Benskin, 830 F.2d at 884 (ALJ entitled to find failure to seek medical attention inconsistent with subjective complaints of pain).

We further conclude, contrary to Anderson's argument, that the ALJ appropriately evaluated letters written by a physician Anderson claimed was her treating physician.  See Gude v. Sullivan, 956 F.2d 791, 793 (8th Cir. 1992) (opinion of a treating physician is entitled to great weight).  The ALJ specifically noted the doctor's opinions were generated years after the time in question, and his belief that the doctor's opinion that Anderson had been disabled since 1978 was not supported by the medical evidence in the record.  See Loving v. Department of Health and Human Servs., 16 F.3d 967, 971 (8th Cir. 1994) (conclusory statement of disability without supporting evidence does not overcome substantial evidence supporting Commissioner's decision).

Finally, we conclude that the ALJ properly developed the record.  See Bishop v. Sullivan, 900 F.2d 1259, 1262 (8th Cir. 1990) (ALJ has duty to fully and fairly develop record upon which decision is to be made).  Anderson's ability to offer documentary evidence during the administrative proceedings was not limited, and Anderson has not shown any resulting prejudice or unfairness from the limitations the ALJ placed on her testimony at the hearing.  See Highfill v. Bowen, 832 F.2d 112, 115 (8th Cir. 1987) (claimant must show prejudice or unfairness resulting from an incomplete record).

Accordingly, the judgment is affirmed.

A true copy.

　　　Attest:

　　　　　CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.