# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2463

_____

| | | |
|---|---|---|
| Gerhardt List, | * | |
| | * | |
| Appellant, | * | |
| | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Western District of Missouri. |
| Kenneth S. Apfel, Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  December 18, 1998

Filed:  March 5, 1999

_____

Before WOLLMAN, BEAM, and LOKEN, Circuit Judges.

_____

WOLLMAN, Circuit Judge.

Gerhardt List appeals from the district court's judgment affirming the denial of his claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. § 401 et seq. (Title II).  We reverse and remand for further proceedings.

# I.

List, born on November 3, 1948, holds a college degree in chemistry. His past relevant work activity is that of a waste-water treatment chemist. List contracted polio in 1953. He was repeatedly hospitalized in 1955 for complications related to the disease. He spent nearly one month connected to a respirator and underwent spinal fusion to repair severe scoliosis. List left his employment in January of 1989 because of difficulty in breathing, back pain, ankle pain, and shaking and numbness in his fingers.

From January 1989 to December 1991, List did not consult a physician. He testified that he did not realize that his condition would worsen, did not know that he could be helped, and assumed that he would improve with rest. List was diagnosed in 1992 as suffering from postpoliomyelitis, or "post-polio syndrome."[1]

List's insured period expired on December 31, 1991. He applied for disability benefits on December 19, 1991, alleging that he was unable to work due to "polio, (a) back condition," a "stomach condition," and a left leg that was "thinner and shorter" than the right leg. The Social Security Administration denied List's application initially and again on reconsideration. Following a hearing, an administrative law judge (ALJ) denied his claim, finding that List retained sufficient functional capacity to perform sedentary jobs available within his geographic region. The Appeals Council declined review, and the district court thereafter affirmed the Commissioner's decision.

---

[1]This condition is "characterized by muscle fatigue and decreased endurance, often accompanied by weakness, fasciculations, and atrophy in selective muscles. The syndrome occurs many years after an attack of paralytic poliomyelitis, affecting especially older and initially more severely involved patients." The Merck Manual 2183 (16th ed. 1992).

## II.

To support the award of disability benefits, a disease must have progressed from latency to a level constituting severe impairment as defined under Title II before the expiration of the insured period. See McClain v. Bowen, 848 F.2d 892, 894 (8th Cir. 1988). Retrospective medical diagnoses constitute relevant evidence concerning the degree of disability prior to expiration of the insured period. See Jones v. Chater, 65 F.3d 102, 104 (8th Cir. 1995). "Where the impairment onset date is critical, however, retrospective medical opinions alone will usually not suffice unless the claimed onset date is corroborated, as by subjective evidence from lay observers like family members." Id.

Although List did not present any third-party testimony corroborating the onset of post-polio syndrome prior to December 31, 1991, we conclude that in light of the unique debilitation that characterizes postpoliomyelitis List's is one of those unusual cases in which testimony from lay observers is not required.

List presented medical records showing that he underwent a tracheostomy on September 29, 1994, to relieve the severe respiratory problems he was experiencing, and that he had been diagnosed as disabled with a severe respiratory deficiency in 1995. Indeed, List's doctor reported on March 30, 1995, that List suffered from chronic pulmonary insufficiency as defined in 20 C.F.R. Part 404, Subpt. P, Appx. 1 § 3.02A. List also presented a residual functional capacity assessment which showed that he had more limited physical abilities in 1995 than was reported in 1992.

To discount the 1994 and 1995 medical records and reports that List submitted to support his claim, the ALJ wrote "there is nothing in the many Exhibits reflecting medical treatment provided later to the Claimant that is useful in determining whether the Claimant was 'disabled' while he was insured." The ALJ noted that List was

experiencing continuing numbness in his hands in 1994, but that List had admitted that the condition had only existed for approximately four months.

In denying List's claim, the ALJ found that:

3. The record establishes the existence of medically determinable severe impairments prior to December 31, 1991, namely the residuals of poliomyelitis including atrophy of the right upper extremity; a tremor of the right upper extremity, atrophy and weakness of the left lower extremity, and pain and limited range of motion in the lumbosacral spine.

4. While his impairments, either singly or collectively, did not reveal the same or equivalent attendant medical findings as are recited in Appendix 1 to Subpart P of the Social Security Regulations No. 4, they imposed significant exertional and non-exertional limitations upon his ability to function prior to December 31, 1991.

Although the ALJ found that List's impairment did not qualify as a listed disability under Subpart P, § 3.04 for chronic pulmonary insufficiency, the ALJ recognized that List was suffering from postpoliomyelitis during the insured period. The ALJ did not discuss, however, whether List qualified under the anterior poliomyelitis entry of listed impairments. See 20 C.F.R. Part 404, Subpt. P, Appx. 1 § 11.11. For List to qualify under section 11.11 of Appendix 1, one of three conditions must be met: he must exhibit (1) persistent difficulty with swallowing or breathing, (2) unintelligible speech, or (3) disorganization of motor function as described in section 11.04B of Subpt. P, Appx. 1.

In Barron v. Sullivan, 924 F.2d 227, 229 (11th Cir. 1991), the Eleventh Circuit noted that the Program Operations Manual System (POMS) guidelines concerning post-polio syndrome are useful in considering when unique situations are present in post-polio cases and in determining whether a claimant meets the listing for anterior

poliomyelitis.  Likewise, we believe that the ALJ should have considered the POMS guidelines in this case in light of the undisputed evidence regarding the respiratory and muscular problems that List experienced after December 31, 1991.

"The assessment of impairment depends on the degree of interference with locomotion and/or interference with the use of fingers, hands, and arms." Barron, 924 F.2d at 229 (quoting 20 C.F.R. Part 404, Subpt. P, Appx. 1 § 11.00C).  The ALJ did not determine the degree of impairment in each of List's limbs.  Instead, the ALJ found that List did not meet the conditions of any listed impairment, stating that List could sit for six hours a day, stand occasionally for a total of two hours a day, and lift up to twenty pounds.  On the other hand, the ALJ found that List was suffering from atrophy and weakness in both is left leg and right arm.  This finding indicates that List is suffering from "disorganization of motor function in two extremities," as required by section 11.04.  Moreover, as indicated above, Lists's respiratory problems, so acute in 1994 as to require the insertion of a tracheostomy tube to enable him to breathe, must have existed to a substantial degree on December 31, 1991, given the 1992 medical finding of post-polio syndrome.

As indicated earlier, we conclude that this is one of those unusual cases in which third-party lay testimony is not required to corroborate the impairment onset date.  As the Eleventh Circuit noted in Barron, post-polio cases present a unique situation, given the long-term, gradually more debilitating effects of that disease.  We believe that the Commissioner should review List's post-December 31, 1991, medical records in the light of the unique nature of the debilitation inherent in post-polio cases, as well as reviewing List's claim for benefits in light of the listing for anterior poliomyelitis set forth in Subpt. P, Appx. 1 § 11.11.[2]

---

[2]We note that the ALJ to whom this case was initially assigned noted that List, who appeared at the hearing seated in a wheelchair and breathing with the assistance of oxygen and a moisturizer, was without question suffering from a very severe physical problem.  After pointing out to List the difficulty he faced in trying to

The judgment is reversed, and the case is remanded to the district court for remand to the Commissioner for further proceedings.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

establish that he was disabled within his insured period, the ALJ recommended (something he had done in only two or three other cases during his twenty-year career) that the hearing be continued and that List obtain legal representation before continuing with his presentation, which List ultimately did.