# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3912

_____

Ivan Kelley,                                    *
                                                *
                Appellant,                      *
                                                *   Appeal from the United States
        v.                                      *   District Court for the
                                                *   Eastern District of Arkansas.
Larry G. Massanari,[1] Commissioner,            *
Social Security Administration,                 *        [UNPUBLISHED]
                                                *
                Appellee.                       *

_____

Submitted: August 30, 2001
Filed: September 11, 2001

_____

Before BOWMAN, LOKEN, and HANSEN, Circuit Judges.

_____

PER CURIAM.

_____

[1]Larry G. Massanari has been appointed to serve as Acting Commissioner of Social Security, and is substituted as appellee pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Ivan Kelley appeals the District Court's[2] order affirming the denial of disability insurance benefits. Having carefully reviewed the record, see Roberts v. Apfel, 222 F.3d 466, 468 (8th Cir. 2000) (standard of review), we affirm.

In his July 1988 application, Kelley alleged disability since December 1984 from back problems and a hearing loss. His date last insured was March 1986. After four administrative hearings, three of which occurred after remand by the District Court or the Appeals Council, the Appeals Council assumed jurisdiction and found him not disabled before March 1986.

Kelley argues that the absence of a diagnosis before his date last insured did not preclude a finding of disability. To the extent Kelley offers chiropractor Tom Taylor's 1993 opinion as to his pre-1986 disability status as a retrospective medical diagnosis, see Grebenick v. Chater, 121 F.3d 1193, 1199 (8th Cir. 1997), and Kelley's statements to his doctors in 1985 as corroboration, see List v. Apfel, 169 F.3d 1148, 1149 (8th Cir. 1999), Kelley's approach fails. Chiropractors are not acceptable medical sources, see 20 C.F.R. § 404.1513(a) (2001), and in any event, Dr. Taylor did not begin treating Kelley until October 1988 and offered no basis for his opinion about Kelley's pre-1986 condition. While Kelley's borderline intellectual functioning, first diagnosed in May 1991, is a severe impairment, see Hunt v. Massanari, 250 F.3d 622, 625 (8th Cir. 2001), Kelley worked with it for a number of years and there is no concrete evidence that it worsened before his date last insured, see Roberts, 222 F.3d at 469.

We have considered the other points Kelley raises, and conclude they provide no basis for remand. Accordingly, we affirm. See 8th Cir. R. 47B.

---

[2]The Honorable John. F. Forster, Jr., United States Magistrate Judge for the Eastern District of Arkansas, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. §636(c).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.